**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

2006 MAY 26 P 3: 09

| | | |
|---|---|---|
| TERRY PARHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2 : 06cv483 - DRB |
| RANDY ALLEN, an individual, MACK | ) | |
| TRUCKS, INC., a corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendant Mack Trucks, Inc (hereinafter referred to as "Defendant" or "Mack"), pursuant to 28 U.S.C. §§ 1332 and 1441, hereby gives notice of the removal of this action to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for this removal, Defendant states as follows:

### INTRODUCTION

1.     This action was commenced on April 12, 2006, by the filing of a Complaint — Civil Action No. CV-06-1011 — in the Circuit Court of Montgomery County, Alabama, a court within this judicial district and division. In his Complaint, Plaintiff asserts one claim for co-employee liability under Alabama's worker's compensation law (Count I), along with two claims under the

Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") (Counts II & III), and one claim for negligent and/or wanton conduct (Count IV).

2.      The first defendant was served with a copy of the summons and complaint on April 28, 2006.  Mack was served with a copy of the summons and complaint on April 28, 2006.  Randy Allen was served with a copy of the summons and complaint on May 1, 2006.  Therefore, this notice of removal is timely filed. True and correct copies of all pleadings, process and orders served upon Mack or filed in the state court are attached hereto as Exhibit "A".

## GROUNDS FOR REMOVAL

### I.     DIVERSITY JURISDICTION

3.      The present action is properly removable under 28 U.S.C. § 1441, which provides in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

4.      This Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> (a)     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

(1)     citizens of different States....

**A.     Citizenship of the Parties**

5.     There is a complete diversity of citizenship between Plaintiff and all Defendants who have been properly joined and served in this action.

6.     Plaintiff alleges that he is a resident-citizen of the State of Alabama.

7.     Defendant Mack Truck, Inc. is a Pennsylvania corporation, with its principal place of business in Allentown, Pennsylvania.

8.     As demonstrated in detail below, Defendant Randy Allen ("Allen" or the "Non-Diverse Defendant") has been fraudulently joined and, as such, his citizenship should be disregarded in determining the propriety of removal in the present action.

9.     Plaintiff has also named as defendants in this action several parties designated by fictitious names.  This does not affect the requirement of complete diversity.  28 U.S.C. § 1441(a) expressly states: "For purposes of removal under this Chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

**B.     Fraudulent Joinder of the Non-Diverse Defendant**

10.     Though diversity jurisdiction generally mandates that "every plaintiff . . . be diverse from every defendant," Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1355 (11th Cir. 1996), federal courts in Alabama have specifically held that "[w]hen a defendant has been fraudulently joined, the court should disregard

his or her citizenship for purposes of determining whether a case is removable based upon diversity jurisdiction." Bullock v. United Benefit Ins. Co., 165 F. Supp. 2d 1255, 1256 (M.D. Ala. 2001) (citing Tapscott, 77 F.3d at 1360). Fraudulent joinder occurs where "there is no possibility that the Plaintiff can prove a cause of action against the resident (non-diverse) defendant." Fowler v. Provident Life and Accident Insurance Co., 256 F. Supp. 2d 1243, 1246 (N.D. Ala. 2003) (citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)). That is the case here with respect to the Non-Diverse Defendant. "No possibility" exists that Plaintiff can prevail against Randy Allen, because Plaintiff's present claims against Allen are prohibited under ALA. CODE § 6-5-440.

11. ALABAMA CODE § 6-5-440 provides that "[n]o plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party", and "the pendency of the former [action] is a good defense to the latter if commenced at different times." In the instant case, plaintiff Terry Parham alleges he was injured in an accident on or about April 14, 2004, during the course of his employment for United Parcel Service ("UPS"), when he fell from a UPS truck. Plaintiff alleges in Count I a claim for co-employee liability under ALA. CODE § 25-5-11 for willful removal of a safety guard.

12. The plaintiff herein, Terry Parham, previously filed a worker's compensation action against UPS arising out of the same accident and injuries

alleged in the instant case, styled <u>Terry Parham v. United Parcel Service</u>, in the Circuit Court for Montgomery County, Civil Action No. CV 2005-1522. On September 28, 2005, plaintiff amended his complaint in the worker's compensation case adding as a defendant Randy Allen. A copy of the Complaint and Amended Complaint in the worker's compensation suit are attached hereto as Exhibit "B." The Amended Complaint claims defendant Allen "with knowledge of the danger or peril to Terry Parham, consciously pursued a cause of conduct with a design, intent, and purpose of inflicting injury to Terry Parham," and that defendant Allen placed Parham "in a tractor that had been 'red-tagged' as unfit for use." Amended Complaint, ¶¶ 13-14.

13.    Plaintiff's claims in this case against defendant Randy Allen are the same as those alleged in against Allen in the prior filed worker's compensation case. Both claims are brought by the same plaintiff, against the same defendant, arise out of the same accident, and seek to recover for the same alleged injuries. Both claims allege defendant Allen was guilty of willful conduct in injuring plaintiff, and both claims allege the removal of a safety guard or device--in the prior worker's compensation case the safety device is the "red-tag" on the truck. Under these circumstances, ALA. CODE § 6-5-440 is a complete bar to plaintiff's claims against defendant Randy Allen in this case. <u>Sessions v. Jack Cole Co., Inc.</u>,

276 Ala. 10, 158 So. 2d 652 (1963); See, Johnson v. Brown-Service Ins. Co., 293 Ala. 549, 307 So. 2d 518 (1974).

14.    Because Plaintiff is prohibited from prosecuting his second suit against Allen for the same alleged wrong, the citizenship of Allen should be ignored by this Court for purposes of determining diversity jurisdiction. After disregarding Allen's citizenship, there is complete diversity of citizenship between the Plaintiff and defendant Mack.

15.    Based on the foregoing, the Non-Diverse Defendant has been fraudulently joined in the present action, and his citizenship should be disregarded for purposes of determining diversity jurisdiction.  As such, there is complete diversity of citizenship between Plaintiff and Mack, who is the only properly joined and served defendant in the present action.

## C.    The Amount In Controversy Requirement is Satisfied in the Present Action.

16.    The amount in controversy in the present action exceeds the $75,000 jurisdictional threshold notwithstanding Plaintiff's failure to specify damages.  In his Complaint, Plaintiff alleges that he was permanently injured as follows: (i) he sustained an injury to his head, a neck injury that resulted in surgery, decreased vision, and other injuries on and about his body; (ii) he was caused, and will be caused in the future, to suffer great physical pain, emotional distress and anguish; (iii) he was caused, and will be caused in the future, to expend large sums of

money on doctors, hospitals, drugs, and other medical expenses in an effort to heal and cure his injuries; and (iv) he was caused to be permanently unable to pursue many of his normal and usual activities. (Plaintiff's Complaint, ¶ 9). Based on these alleged injuries, Plaintiff demands of defendants compensatory and punitive damages, as well as a "judgment against defendants separately and severely… which will fairly and adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and cost of the proceeding." (See Plaintiff's Complaint at unnumbered paragraphs following ¶¶ 9, 13, 16, and 18). Because Plaintiff seeks an unspecified amount of damages, Mack is only required to show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996).

17.    The damages sought by Plaintiff clearly exceed $75,000.  Plaintiff claims compensatory damages for medical costs, permanent disability, loss of vision, loss of ability to carry out normal activities, pain and suffering, and mental anguish, as well as punitive damages.  It is well-settled that punitive damages must be considered in any calculation of the amount-in-controversy.  See, e.g., Holley Equipment Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered, . . . unless it is apparent to a legal certainty that such cannot be

recovered."); Swafford v. Transit Casualty Co., 486 F. Supp. 175, 177 (N.D. Ga. 1980) ("It is clear that in determining the jurisdictional amount in controversy, punitive damages are to be counted.") (citing Bell v. Preferred Life Assurance Society, 320 U.S. 238 (1943)).

18.     In many product liability cases involving personal injury, foreign corporations such as Mack have suffered damages awards well in excess of $75,000. Ford Motor Co. v. Bradshaw, CV-92-091 (Houston County, March 25, 1994) ($1,250,000 award where decedent crushed against loading dock after truck transmission slipped out of neutral into reverse); Oglesby v. General Kinematics Corp., CV-93-0450-AH-M (U.S. Dist. Ct. Southern Dist. Ala. Dec. 19, 1994) (decedent crushed in a foundry machine when his hand caught in apparatus that moves scrap metal to a blast furnace). See also, Scott v. Rheem Mfg. Co., CV-92-0854-PWB, (Baldwin County, September 8, 1995) ($12,000,000 punitive damage award to plaintiff burned when spilled gasoline was allegedly ignited by nearby hot water heater); Trzcinski v. Cessna, CV-94-535-EWR (Montgomery County, February 10, 1995) ($500,000 punitive damage award for personal injuries suffered as a result of alleged product defect); Bowman v. Hobart Corp., CV-91-0811-FDM, (Mobile County, May 25, 1994) ($22,750,000 punitive damage award for personal injuries suffered as a result of alleged product defect); McMillan v. Massey Ferguson, Inc., et al., CV-82-686 (Mobile County 1985)

($10,500,000 general verdict for personal injuries suffered as a result of alleged wantonness in design and manufacture of grain auger). Thus, given the potential amount of damages recoverable in cases such as this, it is more likely than not that the amount-in-controversy exceeds $75,000.

19.    As this Court is also aware, recovery of damages for mental anguish and pain and suffering in other cases in Alabama clearly reflect the potential for damages exceeding the $75,000.00 required for diversity jurisdiction.    See Hornady Truck Line, Inc. v. Meadows, 847 So. 2d 908 (Ala. 2002); Hathcock v. Wood, 815 So. 2d 502 (Ala. 2001); Daniels v. East Ala. Paving, Inc., 740 So. 2d 1033 (Ala. 1999); Brown v. Lawrence, 632 So. 2d 462 (Ala. 1994); Werner v. Henderson, 600 So. 2d 1005 (Ala. 1992); Pepsi Cola Bottling Co. of Luverne, Inc. v. Allen, So. 2d 434 (Ala. 1990). Accordingly, there is no question that the amount in controversy requirement is met.

## JURISDICTIONAL REQUIREMENTS

20.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

21.    It is not necessary for Mack to obtain Randy Allen's consent to this removal because he is a fraudulently joined defendant.    See Clay v. Brown & Williamson Tobacco Corp., et al. 77 F. Supp. 2d 1220 (M.D. Ala. 1999).

Nonetheless, defendant Allen has consented to the removal, and a notice of his consent is attached hereto as Exhibit "C.".

22.    This Notice of Removal was filed within 30 days of the service of the summons and complaint on Mack, who was the first defendant to be served.

23.    True and correct copies of all process, pleadings, and orders served by or upon Mack in this case are attached hereto as Exhibit "A".

24.    Defendants have heretofore sought no similar relief.

25.    The United States District Court for the Middle District of Alabama, Northern Division, is the court and division embracing the place where this action is pending in state court.

26.    Defendants reserve the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

27.    Defendants hereby notify this Court that they have provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d).  Defendants are also filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Montgomery County, Alabama, as provided by law.

WHEREFORE, defendant Mack Trucking, Inc prays that this Court will take jurisdiction of this action and issue all necessary orders and process to remove

this action from the Circuit Court of Montgomery County, Alabama, to the United

States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted,

John C. Morrow (MOR054)
Geoffrey S. Bald (BAL032)
Dow A. Davidson (DAV160)

Attorneys for Defendants
Mack Trucks, Inc.

OF COUNSEL:
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203-5206
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the
following by directing same to their office addresses through first-class, United
States mail, postage prepaid, on this the 26 day of May, 2006:

Christopher D. Glover             Brett A. Ross
Hollis & Wright, P.C.             Carr Allison
1750 Financial Center            100 Vestavia Parkway, Suite 200
505 North 20th Street            Birmingham, AL 35216
Birmingham, Alabama 35203

OF COUNSEL