**State of Alabama**
**Unified Judicial System**

**Form ARCivP-93    Rev. 5/99**

# COVER SHEET
## CIRCUIT COURT - CIVIL CASE
### (Not For Domestic Relations Cases)

Case Number  CV-06-1011
C V ☐☐☐☐☐☐

Date of Filing:
Month ☐☐  Day ☐☐  Year ☐☐☐☐

Judge Code: ☐☐☐☐☐☐

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF** Montgomery County _____, **ALABAMA**

*(Name of County)*

Terry Parham _____ v. Randy Allen, et al. _____

**Plaintiff**                                    **Defendant**

**First Plaintiff** ☐ Business  ☑ Individual      **First Defendant** ☐ Business  ☑ Individual
☐ Government ☐ Other                              ☐ Government ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☑ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN** *(check one):*  F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER: _____

R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO

Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED      ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:** ☐☐☐☐☐☐      4-12-06
Date

_Signature of Attorney/Party filing this form_

---

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

**EXHIBIT**
A

| State of Alabama  Unified Judicial System | **SUMMONS CIVIL** | CV-06-1011 Case Number |
|---|---|---|
| | | ID   Yr        Number |

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

Plaintiff, Terry Parham        vs. Defendant, Randy Allen, et al.

Notice to :        Randy Allen
c/o UPS
2401 Jackson Ferry Road
Montgomery, AL 36110

D1

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS ATTORNEY Christopher D. Glover, **HOLLIS & WRIGHT** 1750 Financial Center, 505 North 20th Street, Birmingham, AL 35203. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30** DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

√    **This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.**

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4, 1 (b) 2) or 4.2 (b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure. You are hereby commanded to serve this summons and a copy of the complaint in this action upon the Defendant.

04/26/06
Date

By: _Melissa Rittenaur_
Clerk/Register

06 APR 12 AM 9: 45
FILED IN CIRCUIT COURT OF MONTGOMERY COUNTY

*RETURN ON SERVICE*

U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

the    Summons    and    Complaint    to
in _____ County,

DATE

Address o.
Server:

TYPE OF

Sent To _Randy Allen_
Street, Apt. No.; or PO Box No. _2451 Jackson Ferry Rd_
City, State, Zip _Montg AL 36110_

PS Form 3800, June 2002        See Reverse for Instructions

SIGNATURE

| State of Alabama  Unified Judicial System | **SUMMONS CIVIL** | CN-06-1011 Case Number |
|---|---|---|
| | | ID   Yr    Number |

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

Plaintiff, Terry Parham          vs. Defendant, Randy Allen, et al.

Notice to :        Mack Trucks, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204        D2
Montgomery, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS ATTORNEY <u>Christopher D. Glover,</u> **HOLLIS & WRIGHT** 1750 Financial Center, 505 North 20th Street, Birmingham, AL 35203.  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30** DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.
=========================================================================

√       **This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.**

▨       TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4, 1 (b) 2 or 4.2 (b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure.  You are hereby commanded to serve this summons and a copy of the complaint in this action upon the Defendant.

<u>04/26/06</u>
Date

By: _Melissa Pittman_  Kc
Clerk/Register

*RETURN ON SERVICE:*

▨  Certified M.
(Return re

▨  I   certify                                                                    mmons   and   Complaint   to
Alabama o                                                                         _____ County,

_____
DATE

Address of
Server:

TYPE OF PROCESS



U.S. Postal Service
CERTIFIED MAIL   RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL  USE**

| Postage | $ | |
|---|---|---|
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To  Mack Trucks, Inc.
Street, Apt. No.; or PO Box No.  2000 Interstate Park Drive
City, State, ZIP+4  Monta AL 36109

PS Form 3800           Reverse for Instructions

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TERRY PARHAM, an individual;                    )
                                                )
    Plaintiff,                              )
                                                )
vs.                                             )    CV: _CV- 06 - 1011_
                                                )
RANDY ALLEN, an individual,                     )JURY TRIAL DEMANDED

MACK TRUCKS, INC., a corporation; **No. 1**, whether singular or plural, that entity or those entities, other than those entities described herein, whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 2**, whether singular or plural, that entity or those entities whose negligence, or wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of plaintiff's complaint; **No. 3**, whether singular or plural, that person or those persons who were employees or executive officers of plaintiff's employer who had been delegated responsibility by their employer to provide plaintiff with a safe place to work or a reasonably safe work environment; **No. 4**, whether singular or plural, that person or those persons who were employees or executive officers of plaintiff's employer who were guilty of willful conduct on or before the occasion made the basis of this suit and whose willful conduct was a proximate cause of plaintiff's injuries; **No. 5**, whether singular or plural, that entity or those entities who or which had conducted safety inspection or analysis with respect to the work being done by, operations of, and or facilities of the plaintiff's employer at any time before the occurrence made the basis of plaintiff's complaint; **No. 6**, whether singular or plural, that entity or those entities who or which was involved in planning which related in any way to the safety of the plaintiff or the execution of work being done at the time of the occurrence made the basis of this lawsuit; **No. 7**, whether singular or plural, that entity or those entities who or which entered into a contract with plaintiff's employer for work to be performed on the date of the occurrence made the basis of this suit; **No. 8**, whether singular or plural, any and all insurance carriers which made any visit to or loss control inspection of the work site where plaintiff was injured or any other place of business of plaintiff's employer prior to the occurrence made the basis of plaintiff's complaint; **No. 9**, whether singular or plural, that entity or those entities who or which designed the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 10**, whether singular or plural, that entity or those entities who or which manufactured or assembled the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 11**, whether singular or plural, that entity or those entities who or which had any role in the distributive chain regarding the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith, from the date of manufacture of each said product through the date of its acquisition; **No. 12**, whether singular or plural, individual or individuals, that entity or those entities who or which, prior to the occurrence made the basis of this lawsuit altered or repaired the grab bar involved in said occurrence, any component part

thereof, or any attendant equipment used or available for use therewith; **No. 13,** whether singular or plural, that entity or those entities who or which installed the grab bar on the vehicle; **No. 14,** whether singular or plural, that entity or those entities who added or removed a safety device on the vehicle that injured the plaintiff; **No. 15,** whether singular or plural that entities or those entities that added or removed a safety device on the grab bar that injured the plaintiff; **No. 16,** whether singular or plural, that entity or those entities who or which suggested or specified the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment be used as it was being used at the time of the occurrence; **No. 17,** whether singular or plural, that entity or those entities who or which failed to warn or issued inadequate warnings or instructions regarding the use or operation of the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 18,** whether singular or plural, that entity or those entities which provided product liability and/or general liability insurance coverage for the manufacturer and/or distributor of the grab bar involved in the occurrence made the basis of this lawsuit at the time of said occurrence or at any time prior thereto; **No. 19,** whether singular or plural, that entity who or which installed the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 20,** whether singular or plural, that person, or those persons that entity or those entities whose duty it was to maintain the grab bar involved in the occurrence made the basis of this lawsuit from the time it was manufactured or assembled until the time of plaintiff's injury made the basis of this suit; **No. 21,** whether singular or plural, that entity or those entities who or which was responsible for advertising the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof or any attendant equipment used or available for use therewith; **No. 22,** whether singular or plural, that entity or those entities who or which did any consulting work, i.e., advertising, engineering, etc., referable to the design, manufacture and/or assembly of the grab bar involved in the occurrence made the basis of this lawsuit; **No. 23,** whether singular or plural, that entity or those entities, who or which tested, inspected, approved or issued any approval of the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 24,** whether singular or plural, that entity or those entities, other than those entities described above, which is the successors in interest of those entities described above; Plaintiff avers that the identities of the fictitious parties defendant herein are otherwise unknown to plaintiff at this time or, if their names are known to plaintiff their identities as proper parties defendant are not known to plaintiff at this time, and their true names will be substituted by amendment when ascertained.                          )

     Defendants.                          )

                 )

## COMPLAINT

1.    Plaintiff, Terry Parham is an adult resident of Montgomery, Montgomery County, Alabama.

2.    Defendant, Randy Allen is believed to be an adult resident of Montgomery, Montgomery County, Alabama.

3.    Defendant, Mack Trucks, Inc. is a corporation doing substantial business in the State of Alabama.

4.    On or about April 14, 2004, Plaintiff, Terry Parham, was working for United Parcel Service and performing his usual duties when he attempted to hook up a trailer to the United Parcel Service tractor. He grabbed the grab bar located on the United Parcel Service truck and it came unattached causing the Plaintiff to fall.

5.    On said date, Terry Parham was permanently injured due to the grab bar not being properly secured to the truck.

## COUNT I

6.    Plaintiff reaffirms and realleges each and every preceding paragraph.

7.    Plaintiff alleges that Defendant, Randy Allen and/or fictitious named parties, were guilty of willful conduct as set forth in Section 25-5-11(c)(2) by removal of a safeguard and/or device on the subject grab bar.

8.    The Plaintiff further states that a safeguard or device was removed, not installed, or left unrepaired from the grab bar with knowledge that injury would probably or likely result from the lack of the safety guard or device.

9.    As a proximate consequence of the afore described willful conduct, Plaintiff was caused to be injured when said grab bar came loose from the truck causing the Plaintiff to fall and be permanently injured as follows:

3

(a)    Plaintiff sustained an injury to his head, neck injury which resulted in surgery, decreased vision and various other injuries on and about his body.

(b)    Plaintiff was caused and will be caused in the future to suffer great physical pain, emotional distress and anguish.

(c)    Plaintiff was caused and will be caused in the future to expend large sums of money in the nature of doctor, hospital, drug any other medical expenses in and about an effort to heal and cure his said injuries.

(d)    Plaintiff was caused to be permanently unable to pursue many of his normal and usual activities.

Wherefore, Plaintiff, Terry Parham, demands of Defendants, separately and severely, compensatory and punitive damages in an amount to be determined by a jury after a full and fair hearing of the case, which amount shall exceed the jurisdictional requirements of this Court plus costs of Court.

## COUNT II

10.    Plaintiff reaffirms and realleges each and every preceding paragraph.

11.    On or about April 14, 2004, and for some time prior thereto, the Defendant, Mack Trucks, Inc. and fictitious parties defendants were engaged in the business of designing, manufacturing, selling and/or distributing grab bars and their component parts throughout the United States for use by certain members of the general public.    Said defendant during said period of time and for valuable consideration designed, manufactured, sold and/or distributed the grab bar, which injured the plaintiff proximately causing his injuries as fully set out herein.

12.    At the aforesaid time and place, said grab bar and its component parts were in substantially the same condition as when manufactured, sold and/or distributed, and was being used in the a manner that was foreseeable. The grab bar

and its component parts were not reasonably safe when being used in a foreseeable

manner, but, to the contrary, were defective and unreasonably dangerous to the

human body when being so used. Said defendant knew, or in the exercise of

reasonable care should have known, that said grab bar and its component parts were

unreasonably dangerous to the human body when being so used in a foreseeable

manner.

13.    The foregoing wrongful conduct of said defendant was the proximate

cause of the plaintiff's injuries and renders said defendant liable to plaintiff pursuant

to the Alabama Extended Manufacturer's Liability Doctrine.

WHEREFORE, plaintiff demands judgment against the defendants separately

and severally, including fictitious party defendants, in a sum in excess of the

jurisdictional limits of this Court, to be determined by a jury which will fairly and

adequately compensate the plaintiff for the above described damages, together with

interest from the date of the incident and the cost of the proceeding.

## COUNT III

14.    Plaintiff reaffirms and realleges each and every preceding paragraph.

15.    The defendant, Mack Trucks, Inc. and fictitious parties defendants

expressly and/or impliedly warranted that the grab bar and its component parts

involved in the occurrence made the basis of the plaintiff's complaint was reasonably

fit and suitable for the purpose for which it was intended to be used. Plaintiff avers

that said defendant breached expressed and/or implied warranties and that said grab

bar and its component parts were not reasonably fit and suitable for the purpose for

which it was intended to be used, but, to the contrary, said grab bar and its

component parts at the time it was manufactured, distributed, sold and/or delivered, was in a dangerously defective and unsafe condition as aforementioned. Plaintiff further avers that as a proximate result of the aforesaid breach of warranty by said defendant, plaintiff was caused to suffer the injuries as fully set out herein.

16.    On or about April 14, 2004, the defendant was guilty of negligent and/or wanton conduct and/or was in violation of the Alabama Extended Manufacturer's Liability Doctrine and said negligent, wanton or other wrongful conduct combined and concurred, to proximately cause plaintiff's injuries as fully set out herein.

WHEREFORE, plaintiff demands judgment against the defendants separately and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury which will fairly and adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and the cost of the proceeding.

## COUNT IV

17.    Plaintiff reaffirms and realleges each and every preceding paragraph.

18.    The Defendants, Mack Trucks, Inc. and fictitious party defendants negligently and/or wantonly serviced, maintained, and/or repaired the grab bar and its component parts involved in the occurrence made the basis of plaintiff's complaint and such negligent and/or wanton conduct was the proximate cause of plaintiff's injuries as described above.

WHEREFORE, plaintiff demands judgment against the defendants separately and severally, including fictitious party defendants, in a sum in excess of

the jurisdictional limits of this Court, to be determined by a jury which will fairly and adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and the cost of the proceeding.

### JURY DEMAND

Plaintiff hereby requests a trial by struck jury on all issues of this cause.

_____
CHRISTOPHER D. GLOVER
Attorney for the Plaintiff
Bar Code No.: GLO007

**OF COUNSEL:**
HOLLIS & WRIGHT, P.C.
1750 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 324-3600
(205) 324-3636 Facsimile

### PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT:

Randy Allen
c/o UPS
2401 Jackson Ferry Road
Montgomery, AL 36110

Mack Trucks, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 35109

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TERRY PARHAM,                          )
                                       )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )        CV:_ Cv-06-1011
                                       )
RANDY ALLEN, et al.                    )
                                       )
        Defendants.                    )

## PLAINTIFF'S COMBINED INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT, RANDY ALLEN

Comes now, the Plaintiff in the above styled matter and requests that Defendant answer the following interrogatories and request for production within the time required by the Alabama Rules of Civil Procedure.

A. "You" or "Your" refers to the party to whom this request is directed.

B. "Document(s)" is used in its broadest possible sense, and shall mean any written, printed, typed, recorded, computerized, electronic or other graphic matter of every kind and nature; all mechanical and electrical or electronic sound recordings and any transcripts thereof; photographs or drawings; internal or external memorandums and correspondence; electronic or other calendars, diaries and e-mails, e-mail in-box, deleted or outbox lists and substantive e-mail messages, and all computer data files; in your possession, custody, and/or control, or known to you to exist; this definition of "document" includes, without limitation, all preliminary of documents, all copies of documents, all marginal or other notes on documents or copies thereof, all file folders, and all labels or markings indicating the manner in which the documents have been maintained.

C. "Relating to" or "regarding" as used herein means and includes referring to, commenting on, connected with, bearing on, leading to, dealing with, evidencing, discussing, covering, representing or mentioning, in any way whatsoever, directly or indirectly.

D. "Surrounding" as used herein means and includes before the period at issue, during the period at issue, and after the period at issue

E. "Identify" as used herein with reference to an individual, person, corporation, or other entity, means to state his, her or its: (a) full name; (b) present or last known

business and residence addresses; (c) present or last known business and home phone numbers; and (d) present or last known position, business affiliation, employer, and title.

F. "Or" as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or;" rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

G. "Writing" as used herein includes the original or copy of handwriting, typewriting, printing, photostatting, photographing, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, and symbols, or combinations of them.

H. "Possession" as used herein means physical possession, implicit possession or legal possession. For example, if a third party holds documents for this defendant, that would still qualify as "legal" possession.

## INSTRUCTIONS

A. Pursuant to the applicable rules of civil procedure, these discovery requests must be completed with in the applicable timeframe. Failure to comply with such timeframe will result in a motion to compel being filed by Plaintiff(s).

B. If a privilege not to answer a request for production is claimed, identify each document or response as to which the privilege is claimed, the nature of the privilege, and the legal and factual basis for each such claim.

C. If a refusal to produce a particular document is burdensome, identify the document(s) needed to be searched, the location of the document(s), and identify each person(s) or entity that must be consulted.

## SUPPLEMENTATION OF RESPONSES

These requests for production are of an ongoing nature, and should you acquire additional information or documents responsive to these requests, such answers to these requests shall be supplemented to include the additional information or documents pursuant to Rule 26(e) and/or 26(f) of the Rules of Civil Procedure.

1. Produce the maintenance, purchase, and service records for the grab bar which injured Terry Parham, hereinafter referred to as Employee.

2. List the information you have from all sources regarding the injuries received by the employee as a result of the accident made the basis of the employees complaint.

2

3.    State whether you are in possession of any videotapes, audio tapes, reports of investigation, or any other matter relating to surveillance of the employee whether preserved in some fashion or by live witness. If so, produce said videotapes, audiotapes, reports of investigations, or any other matter related to surveillance of the employee.

4.    State the name and address of all expert witnesses, including medical, who have been contacted in connection with this case, including, but not limited to, those who are expected to testify at the trial of this case.

5.    State the date that it was first known that the grab bar was broken. Produce any and all documentation supporting answer.

6.    State the date that it was first known that the grab bar was in need of repair. Produce any and all documentation supporting answer.

7.    Produce all documents relating to documenting, or addressing the defeating, failure to repair, or taking out of service of the grab bar.

8.    Explain in detail the purpose for defeating, failing to repair, or taking out of the grab bar. Produce all documentation responsive to this interrogatory.

9.    Produce all photographs of the grab bar used by Terry Parham at the time of his injury.

10.    List and describe all changes, alterations, changes, or repairs of the grab bar since Terry Parham's injury.

11.    Explain in detail any advantages of defeating, failing to repair, or taking out of service the grab bar. Produce all documentation responsive to this interrogatory.

12.    List all persons responsible of the decision to repair, maintain, assemble, change, or alter the grab bar.

13.    State the reason(s) why the grab bar was defeated, failed to be repaired, or failed to install, which allowed the injury to employee. Produce any and all documentation supporting answer.

14.    List the employee's name, telephone number, and addresses who have worked on the grab bar, in the past twelve months, which injured the employee. Include separately the names of all UPS employees, responsible for defeating/failing to repair or failing to correctly assemble the grab bar.

15.    State the name of the employee who was responsible safety at UPS, where this accident occurred.

16.    List the hierarchy of management and/or ownership of UPS at the location where Terry Parham was injured.

17.    State the name address, title, and duties of the person(s) answering and/or who assisted in answering these interrogatories.

18.    State whether this Defendant or anyone to this Defendant's knowledge made or submitted any written statement or report of the occurrence made the basis of this lawsuit. If so, state separately and severely for each statement or report, the name, employer, job title and present address of the person who made or submitted this statement or report; the name of the report including the form number, and the person or entity who has possession, custody, or control of the statement or report. Produce written statement or report.

19.    State whether this Defendant has or knows of any photographs or motion pictures of the person or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence, the grab bar, and any components of the grab bar. If so, describe each photograph or motion picture, state when it was taken, and state the name and address and job description of the person who has possession, custody, or control of each respective photograph or motion picture. Also, produce said photographs and/or motion pictures.

20.    Was an investigation or report made by or for this Defendant of, or pertaining to, the occurrence made the basis of this lawsuit? If so, as to each investigation or report state the nature of the investigation or report, the date of the investigation or report, the name, job title, business and residence address of each person who now has possession, custody, or control of any documents reflecting the result of the investigation or report. Also, produce said investigations and/or reports.

21.    State the name, address an employer of each person known by this Defendant to have knowledge whatsoever of matters pertinent to the occurrence made the basis of this lawsuit and state separately and severely the substance of all information or knowledge about the occurrence known to each such person.

22.    List and describe all actions taken since the injury of Terry Parham with regard to the subject grab bar, specifically including but not limited to any actions taken with regard to work done on the grab bar.

23.    State whether there have been, or are now, lawsuits pending against this Defendant or other UPS, employees claiming injury or damage due to any alleged defective condition, defective failure to maintain, or problems regarding the grab bar referred to in the complaint or other grab bars on the Defendant's premises. If so, state separately and severely the Court, the filing date, the Court number of the lawsuit, and the address of each party involved. Further, give a complete statement

4

of all the claims and allegations and disposition of the lawsuit. Produce copies of all complaints listed in this answer.

24.     List specifically, and in exact detail, each and every change in the Defendants or UPS policies and procedures, including maintenance, alterations, additions or deletions to the grab bar on it trucks.

25.     Did the Defendant, at any time, provide changes, maintenance or repair services to the grab bar described in the complaint, including the addition or deletion of the grab bar? If so, produce a copy of any and all maintenance contracts, work orders, or documents evidencing said maintenance and/or repairs.

PLEASE SERVE DISCOVERY ALONG WITH COMPLAINT

CHRISTOPHER D. GLOVER
Attorney for the Plaintiff
Bar Code No.: CDG-007


**OF COUNSEL:**
HOLLIS & WRIGHT, P.C.
1750 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 324-3600
(205) 324-3636 Facsimile

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TERRY PARHAM,

    Plaintiff,

vs.                                     CV:___CV - 06 - 1011___

RANDY ALLEN, et al.

    Defendants.

## PLAINTIFF'S COMBINED INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT, MACK TRUCKS, INC.

Comes now, the Plaintiff in the above styled matter and requests that Defendant answer the following interrogatories and request for production within the time required by the Alabama Rules of Civil Procedure.

### DEFINITIONS

For the purposes of the following interrogatories and requests for production of documents and things, the following definitions apply:

**"Document":** Includes but is not limited to ANY TYPE OF DOCUMENT, source, and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic, digital, CD-ROM, any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data). It shall include communications in words, symbols, pictures, sound recordings, films and tape. For purposes of illustration and not limitation, the term shall include: reports; papers; files; books; records; contracts; agreements; telegrams; teletypes and other communications sent or received; diaries; calendars; logs, notes, or memoranda of telephonic or face-to-face conversations; drafts; work papers; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes, summaries, notes, and others records and recordings of any conferences, meetings,

visits, statements, interviews, or telephone conversations; bills, statements, and other records of obligations and expenditures; canceled checks, vouchers, receipts, and other records of payments; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases charts; drawings; specifications; manuals; brochures; deeds, deeds of trust; leases; assignments; licenses; scrapbooks; articles of incorporation; plans; sketches; blueprints; maps; graphs; diagrams; shipping documents; bills of lading; manifests; consignment tickets; requisitions; rules and regulations, whether in proposes or final form; and memoranda of all kinds to and from any persons, agencies, or entities. All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original document being produced.

**"You" and "Your":** means the Defendant to whom these interrogatories are directed including the officers, employees, agents, attorneys or representatives of said Defendant.

**"Communication":** means any transfer, attempted transfer, or requests for a transfer of information between persons. A document or communication "relating to" a subject matter is one constituting, comprising, identifying, referring to or dealing with that subject matter.

**"Person":** means any natural person, corporation, d/b/a, a/k/a, proprietorship, partnership, professional corporation, licensee, franchisee, joint venture, association, group, governmental agency or agent, whether foreign or domestic, and any other entity.

**"Identity":** in any of their forms in these interrogatories shall require said Defendant to provide: When used in reference to a natural person, it means to state the person's full name, business affiliation, and title, and the person's current telephone number (except for parties to the litigation), residence address or business address, if known. When used in reference to a person other than a natural person, it means to state its full name, form of organization, agent for service of process, address of its principal office and each of its present addresses and telephone numbers, if known. When used in reference to a document, it means to refer to the document by Bates number or Bates range, or attach such documents, identifying the specific interrogatory(ies) to which such documents are responsive, or if the document is stored on electronic or other medium, describe the document with sufficient specificity that will enable the Plaintiffs to prepare a subpoena duces tecum or request for production. The singular and masculine form or any noun or pronoun includes the plural, the feminine, and the neuter. The singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to these requests.

**"Or":** as used herein should not be read so as to eliminate any part of any request, or as permitting the option of responding to any part of any request by answering as to only one of the terms separated by "or;" rather, whenever applicable, "or" should be read as having the same meaning as the word "and."

**"Defendant":** The terms "this defendant", "defendant", "you" or "your" refers to the Defendant to whom these requests are made including any officer, agent, employee, subsidiary or parent company of such named Defendant and any other person or entity over whom said Defendant may exert control or by whom said Defendant is controlled.

**"Plaintiff" or "Plaintiffs":** refer to the Plaintiff in his/her individual capacity and/or the plaintiff's family members.

**Application Software:** Any set of electronic or digital instructions, also known as a program, which instructs a computer or other device to perform a specific set of processes.

**Archive:** Any copy of data on a computer drive, or on a portion of a drive, maintained for historical reference.

**Backup:** Any copy of active data, intended for use in restoration of data.

**Computer:** Includes but is not limited to network servers, desktops, laptops, notebook computers, employees' home computers, mainframes, the personal data assistants (hereinafter "PDAs") of this Defendant and its employees, such as BlackBerry, Treo, PalmPilot, Cassiopeia, HP Jornada and/or other such handheld computing devices, digital cell phones and pagers.

**Data:** Any and all information stored on magnetic, optical and/or any other storage media that may be accessed by a computer or other device.

**Digital Camera:** A camera or photographic device that takes and/or stores still or moving pictures in a digital format (JPEG, TIFF, GIF, etc.).

**Hard Drive:** The primary hardware that a computer uses to store information, typically magnetized media on rotating disks.

**Help Features/Documentation:** Instructions that assist a user on how to set up and use a product including but not limited to software, installation and operation manuals and instruction files.

**Imaged Copy:** A "mirror image" bit-by-bit copy of a hard drive (i.e., a complete replication of the physical drive).

**Input Device:** Any object that allows a user to communicate with a computer by entering information or issuing commands (i.e., wireless or wired keyboard, mouse or joystick).

**Magnetic or Optical Storage Media:** Include but are not limited to hard drives (also known as "hard disks"), backup tapes, CD-ROMs, DVD-ROMs, JAZ and Zip drives, and floppy disks.

**Network:** A group of connected computers that allow people to share information and equipment (e.g., local area network [LAN], wide area network [WAN], metropolitan area network [MAN], storage area network [SAN], peer-to-peer network, client-server network).

**Operating System:** Software that directs the overall activity of a computer (e.g., MS-DOS, Windows, Linux).

**Network Operating System:** Software that directs the overall activity of networked computers.

**Software:** Any set of instructions stored on computer-readable media that tells a computer what to do. Includes operating systems and applications.

**Storage Devices:** Any device that a computer uses to store information.

**Storage Media:** Storage media are any removable devices that store data.

**NOTE A** - References herein to the "product" or any derivative or synonym thereof, are to the grab bar or any other similar grab bars this is to include but not be limited to part #174QS31M1M1AA08YITW008377 that uses the same safety latch mechanism.

## INSTRUCTIONS

A. Pursuant to the applicable rules of civil procedure, these discovery requests must be completed with in the applicable timeframe. Failure to comply with such timeframe will result in a motion to compel being filed by Plaintiff(s).

B. If a privilege not to answer a request for production is claimed, identify each document or response as to which the privilege is claimed, the nature of the privilege, and the legal and factual basis for each such claim.

C. If a refusal to produce a particular document is burdensome, identify the document(s) needed to be searched, the location of the document(s), and identify each person(s) or entity that must be consulted.

## SUPPLEMENTATION OF RESPONSES

These requests for production are of an ongoing nature, and should you acquire additional information or documents responsive to these requests, such answers to these requests shall be supplemented to include the additional information or documents pursuant to Rule 26(e) and/or 26(f) of the Rules of Civil Procedure.

1. Is this defendant's name correctly stated in the complaint on file in this case? If not, state the correct way this defendant should be designated as a party defendant. At the time of the occurrence made the basis of this suit and at the time these interrogatories were answered.

2.    State the general corporate history of this defendant from the date of incorporation to the present, including each different type product and/or service manufactured, distributed and/or rendered from said date to the present time by this defendant, its divisions, branches, plants or other operations. Also, indicate the state of incorporation, date of incorporation, and principal place of business of this defendant.

3.    State the name and principal address of each insurer, of any type whatsoever, which insured this defendant against risks or losses on the date of the occurrence made the basis of this lawsuit, along with the limits of liability for each such policy.

4.    State whether this defendant or anyone to this defendant's knowledge has secured, obtained or has any knowledge of any statement or account made by any person, including parties, whether written, recorded or oral, which pertain in any way to the occurrence made the basis of this lawsuit. If so, please list the names and addresses of the individuals whose statements have been taken.

5.    State whether this defendant has or knows of any photographs including digital or motion pictures of the persons, places or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence, the product involved in said occurrence and the manufacturing process of said product or similar products.

6.    Was an investigation or report made by or for this defendant of or pertaining to the occurrence made the basis of this lawsuit. If so, as to each such investigation or report, state the name, job title and business and residence addresses of each person now having possession, custody or control of any documents reflecting the results of the investigation or report.

7.    Please state the name and address of each expert witness that you expect to call as an expert witness at the trial of this case and state the subject matter on which said experts are expected to testify. This shall include, but not be limited to the name and addresses of each and every expert witness with whom you have consulted in and about the handling and preparation of this case.

8.    State the name and address of any witness that you intend to call at the trial of this case.

9.    State whether or not this defendant designed, manufactured, assembled and/or distributed the product. If not, give the name and address of the person, firm, corporation or entity that did design, manufacture and/or assembled said product. If so, state:

(a)    The correct name of the product;
(b)    The serial number of the product;
(c)    The respective dates the product was designed, assembled and/or manufactured;
(b)    The date the product was sold and the person or entity to whom the product was sold.

10.    Described in detail each and every type of safety device or safety feature designed in the product and state whether each respective device or feature was incorporated into said product when said product was manufactured and/or assembled by this defendant.

11.    State the name and address of each entity within the distributive chain with regard to the product from the date of manufacture up to and including the date of said occurrence.

12.    State the name and address of the person(s) and/or employee(s) of this defendant who is most knowledgeable about the design, manufacture and/or operation of the product.

13.    Please list and describe any and all plans, blueprints, drawings, specifications, records, reports, memoranda, and other written or recorded document relating to the design, manufacture or assembly of the product, and separately and severally for each such document:
        (a)    The name and address of the person who authored or formulated the document;
        (b)    The date of the document;
        (c)    The content of the document;
        (d)    The purpose of the document;
        (e)    The name, address  and job title of the person who now has custody, control or possession of the document.

14.    State the name, address, employer and job description of the person or persons responsible for incorporating safety devices and safety features into the product described in the complaint.

15.    Please list any and all standards, if any, which pertain to the design, manufacture or assembly of the product or other similar products including, but not limited to, all standards known to the defendant which were promulgated by local, state or governmental agencies, bureaus and commissions, or by industry groups.

16.    State the name and address of any and all safety or industrial associations or organizations of which this defendant is a member.

17.    State the name, address and employer of each person known by this defendant to have knowledge whatsoever of matters pertinent to the occurrence made the basis of this lawsuit and state separately and severally the substance of all information or knowledge about the occurrence known to each such person.

18.    State whether or not this defendant has or had possession or control of any document containing information regarding safety in the design, manufacture, assembly, use and/or maintenance of the product or other similar products.  If so, as to each document, state:
        (a)    The title and author;
        (b)    The date of publication;

(c)     The substance and content of the document;
(d)     The name, address and job description of the person who has possession
of the document.

19.     State whether or not this defendant, or anyone to its knowledge, published
and/or distributed any brochure, pamphlet, or other printed material which contained
warnings concerning the possibility of injury resulting from the use of the product or other
similar products. If so, state:
(a)     The date each such document was published or distributed;
(b)     The verbatim context of the warning or statement;
(c)     A detailed description of the document which contained the warning;
(d)     The name, title and address of the person who has custody of the records
relating to the brochure, pamphlet or other printed material.

20.     State whether there were any written instructions and/or warnings
accompanying the product or similar products sold by this defendant any time up to the
present. If so, state:
(a)     The name and address of each person who prepared the instructions
and/or warnings;
(b)     The verbatim context of the warning or instruction;
(c)     The manner in which the instructions or warning were attached to the
product, i.e., manner in which they were shipped to the purchaser or user of the said product;
(d)     Whether this defendant has possession, custody or control of any copies
of any such written instructions and/or warnings;
(e)     The physical properties of the warning or instruction, i.e., paper, metal,
plastic coated, etc.

21.     State whether or not this defendant has ever sent any notices, warnings,
modified instructions to owners or users of products manufactured and/or sold by this
defendant after a new mandatory safety standard has been promulgated. If so, state separately
and severally:
(a)     The date such notice, warning or modified instruction was issued;
(b)     The person or company to whom the notice, warning or modified
instruction was directed;
(c)     The name and address of each person or entity having possession,
custody or control of a copy of the notice, warning or modified instruction;
(d)     The safety standard involved or pursuant to which the notice, warning or
modified instruction was issued.

22.     State whether or not this defendant ever filed any documents, forms or records
with any governmental agency relating to the design, manufacture, assembly, servicing,
maintenance, distribution, advertising, or sale of the product or similar products. If so, state
separately and severally:
(a)     The governmental agency with which the document was filed;
(b)     The date on which the document was filed;
(c)     The statute or administrative requirement that necessitated the filing;

(d)     The name and address of each person or entity who or which has possession, custody or control of the document or a copy thereof.

23.     State whether or not this defendant has ever been cited, criticized, reprimanded, had any correspondence with, public hearings on, or had any legal action taken against it by any public official, governmental agency or body because of alleged violations of any federal, state, or local statute or regulation with regard to the design, manufacture, distribution or sale of the product referred to in the complaint or similar products.  If so, state separately and severally, the details of each action taken including the date, governmental agency involved, nature of the action, reason for the action and disposition.

24.     State whether or nor there have been or are now lawsuits pending against this defendant claiming injury or damage due to any alleged defective condition, defect in, or problems regarding the product or similar products.  If so, state separately and severally:
        (a)     The filing date of the lawsuit;
        (b)     The court in which the lawsuit was filed;
        (c)     The action or court number of the lawsuit;
        (d)     The name, address and designation of each part involved;
        (e)     A full and complete statement of the substance of all claims and allegations;
        (f)     The disposition of the lawsuit.

25.     State whether this defendant, or any agent, employee, independent contractor, attorney or other representative of this defendant, ever received any oral or written notices, claims or complaints concerning injuries alleged to have occurred regarding the product or similar products.  If so, state separately and severally:
        (a)     The date of the notice, claim or complaint;
        (b)     The name and address of the person, firm or entity giving the notice or making of the claim or complaint;
        (c)     The context of the notice, claim or complaint;
        (d)     The name and address of the person or entity having possession, custody or control of any document referable to the notice, claim or complaint.

26.     State the name, address and present occupation of the person or persons whose responsibility it was to test or inspect, in any manner, the product at the time before the said product was sold by this defendant.

27.     Did any laboratory, consultant, engineer, person, firm or corporation, by whatever name called, conduct any test or test study to determine the safety of the product or similar products at any time prior to the occasion made the basis of this suit.  If so, state severally:
        (a)     The name of the laboratory, consultant, engineer, person or firm supervising or conducting the test or test studies;
        (b)     The date the test or test study was completed;
        (c)     Where the test or test study was conducted;
        (d)     The manner in which the test or test study was conducted;

(e)      The results of the test or test study.

28.      State whether this defendant or any representative of this defendant conducted any recall campaigns or similar activity involving the product or similar products, or any component part thereof. If so, state separately and severally:
          (a)      The date the recall or activity began;
          (b)      The purpose of the recall or related activity;
          (c)      The type or models of products involved in the recall.

29.      State whether this defendant or any agent, employee, independent contractor, or other representative of this defendant had any knowledge whatsoever, prior to the occasion made the basis of this suit, of any hazard, danger or defect existing in the product or similar products. If so, state separately and severally:
          (a)      The person having knowledge of the danger, hazard or defect;
          (b)      The exact nature of the danger, hazard, or defect;
          (c)      What steps were taken to correct the danger, hazard or defect;
          (d)      Whether any documents exist relating to the danger, hazard or defect. (If such document exists, please describe in detail.)

30.      Did the defendant, at any time within three years prior to the date of the occurrence made the basis of plaintiff's complaint, advertise, promote, or cause to be advertised or promoted the product or other similar products. If so, state separately and severally:
          (a)      The advertising agency or other entity which was in charge of the campaign;
          (b)      The media in which the said product was advertised, specifically identifying the magazine, newspaper, television program or other media form involved;
          (c)      The date or dates of the advertisement;
          (d)      The information furnished in the advertisement;
          (e)      The representations made in the advertisement, especially as to the combination, strength, durability and safety of the product;
          (f)      The name, title and address of the person presently having custody of a transcript of the advertisement or a copy thereof.

31.      State whether or not this defendant maintains an advertising file, section or department. If so, state the name, job title and address of the person who has charge of the file, section or department.

32.      Has this defendant ever made any written warranties on any of the products which it manufacturers: If so, state separately and severally:
          (a)      The substance of each different type of written warranty made;
          (b)      The period during which said warranty was effective;
          (c)      The verbatim content of the warranty;
          (d)      The manner in which the warranty was communicated to the purchaser of the product.

33. Has any other person, corporation, association, consumer group, or any other entity issued any approval of products manufactured by this defendant. If so, state separately and severally:

(a) The name and address of the person, corporation, organization, association, group or other entity which issued the approval;

(b) The date the approval was issued;

(c) The products manufactured by this defendant which were included in the approval.

34. Do you contend or have any knowledge whatsoever that anyone other than the named defendants in this cause had any connection with or relationship to the occurrence made the basis of plaintiff's complaint? If so:

(a) State the name and address of each such person or entity, and the nature of their connection with or relationship to said occurrence;

(b) State in detail the facts upon which you base this connection.

35. Please produce copies of any and all written policies for the retention and/or destruction of documents, for the time period of 2000 to present.

36. Will this defendant permit, without an order therefore, inspection of the equipment mentioned in the preceding interrogatories?

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce a true and correct copy of any written statement or report of the occurrence made the basis of this lawsuit. This shall include, but not be limited to any statement made by the plaintiff or his family members.

2. Produce any photographs to include digital or motion pictures of the persons, places or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence, the product involved in said occurrence.

3. Produce any investigation or report made by or for this defendant of or pertaining to the occurrence made the basis of this lawsuit. If so, as to each such investigation or report, state the name, job title and business and residence addresses of each person now having possession, custody or control of any documents reflecting the results of the investigation or report. This shall include, but not be limited to any reports by expert witnesses.

4. Produce the curriculum vitae of any expert witness you intend to use at the trial of this case.

5. Produce documents verifying that this defendant is the manufacturer and distributor of the product.

6.   Produce any and all standards, if any, which pertain to the design, manufacture, use or assembly of the product or other similar products including, but not limited to, all standards known to the defendant which were promulgated by local, state or governmental agencies, bureaus and commissions, or by industry groups.

7.   Produce copies of any and all warnings or directions which were placed on the product.

8.   Produce copies of any citations, criticisms, reprimands or correspondence with any governmental agency or body because of alleged violations of any federal, state, or local statute or regulation with regard to the design, manufacture, distribution or sale of the product.

9.   Produce a list of any and all lawsuits (past or present) against this defendant claiming injury, death or damage due to an alleged defective condition, defect in or problems regarding the product. This should include the civil action number of any such lawsuits, location of filing, current disposition, and identity of plaintiff and defense counsel.

10.  Produce copies of any and all written notices, claims or complaints concerning (1) use of the product or (2) injuries or deaths alleged to have occurred involving the product or any substantially similar products.

11.  Produce copies of any and all advertisements or promotions concerning the product or similar products whether said advertising was conducted by way of magazine, newspaper, television program or other media form.

12.  Produce any and all e-mails, including but not limited to current, backed-up and archived programs, accounts, unified messaging, server-based e-mail, Web-based e-mail, dial-up e-mail, user names and addresses, domain names and addresses, e-mail messages, attachments, manual and automated mailing lists and mailing list addresses in regard to the accident made the basis of this complaint.

13.  Produce copies of any and all resumes or similar documents setting forth the educational background and qualifications of each and every expert witness that you expect to testify at the trial of this case.

14.  Produce a copy of any and all invoices, bills of lading, charges, pick-up orders or order forms, or written documents of any type growing out of or pertaining to the sale of the product. This should include any and all documents growing out of or pertaining to the distributive chain of the product involved.

15.  Produce a copy of any and all documents of any type whatsoever including, but not limited to, invoices, sales orders, or written documents of any type indicating, addressing or growing out of any remedial or subsequent changes made to the product.

16.  Produce any and all contracts, including any addendum thereto, between this defendant and any other named defendant, relating to the procurement, manufacture, and/or design of the product.

17.  Produce any and all engineering change requests or change orders applicable to the product.

18.  Produce a copy of any installation, service, or owners manual for the product.

19.  Produce a copy of any and all warranty claims for the product or any substantially similar products.

20.  Produce any and all plans, blueprints, drawings, specifications, records, reports, memoranda, and other written or recorded documents relating to the design, manufacture or assembly of the product.

21.  Produce the product and its component parts that were involved in this accident.

22.  Produce any document containing information regarding any repairs, alterations, modifications and/or maintenance of any kind performed on the product described in the complaint from the date of purchase up to the present time, including but not limited to, a list of all parts ordered for use in such repair, alteration, modification and/or maintenance.

23.  Produce the policies and procedures manual or any written information related to the procedure this defendant follows when someone reports a problem or criticism of equipment such as the product.

24.  Produce any documents evidencing reports or complaints of any problems with the subject product, including but not limited to the any named defendant to this lawsuit, whether such report was made in writing or verbally, and whether or not any injury was involved.

**PLEASE SERVE DISCOVERY ALONG WITH COMPLAINT**

CHRISTOPHER D. GLOVER
Attorney for the Plaintiff
Bar Code No.: CDG-007

**OF COUNSEL:**
HOLLIS & WRIGHT, P.C.
1750 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 324-3600
(205) 324-3636 Facsimile

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TERRY PARHAM,                          )
                                       )
    Plaintiff,                    )
                                       )
    v.                            ) Civil Action No.: CV-2005-1522 – mc
                                       )
UNITED PARCEL SERVICE, et al.,         )
                                       )
    Defendant.                    )


IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

TERRY PARHAM,                          )
                                       )
    Plaintiff,                    )
                                       )
    v.                            ) Civil Action No.: CV-2006-1011 – PP
                                       )
RANDY ALLEN & MACK TRUCKS, INC.,       )
                                       )
    Defendant.                    )


## MOTION TO DISMISS, OR IN THE ALTERNATIVE, CONSOLIDATE CLAIMS OF DEFENDANT ALLEN

COMES NOW Randy Allen, a Defendant in the above-styled matters and in response to the Plaintiff's most recent Complaint, moves the Court for an Order dismissing the Plaintiff's Claims against him or alternatively, moves this Court for an Order Consolidating the above styled actions pursuant to Rule 42(a) of the Alabama Rules of Civil Procedure. As grounds therefor, Randy Allen submits as follows:

    1.    On June 17, 2005, Plaintiff Terry Parham filed a Complaint against United Parcel Service (herein after "UPS") seeking both workers' compensation benefits and general damages for breach of duty, for injuries he sustained when he allegedly fell from a UPS tractor-trailer on April 14, 2004. That claim is currently pending in the Circuit Court of Montgomery County, Civil Action Number CV-2005-1522. [Complaint, a copy of which is attached as "Exhibit

1"].

2.    On July 18, 2005, Defendant UPS filed an Answer to the Plaintiff's Complaint and a Motion to Dismiss the Breach of Duty Claim of the Plaintiff's Complaint pursuant to the Exclusivity Clause of the Alabama Workers' Compensation Statute. [Answer and Motion to Dismiss, copies of which are attached as "Exhibit 2"]. After hearings on the Motion to Dismiss, Plaintiff voluntarily agreed to amend the Complaint substituting the breach of duty claim for a co-employee liability claim. On September 28, 2005, Plaintiff filed an Amended Complaint adding Randy Allen as a defendant under a theory of co-employee liability. [Amended Complaint, a copy of which is attached as "Exhibit 3" ].

3.    On November 18, 2005, Defendant Allen filed an Answer to Plaintiff's Complaint and subsequently filed a Motion to Sever Plaintiff's co-employee liability claim from the workers' compensation claim on December 19, 2005. The Motion to Sever was granted on December 21, 2005. [Answer and Motion to Sever, copies of which are attached as "Exhibit 4"].

4.    In addition to the pleadings identified above, Terry Parham recently filed a second Complaint against Randy Allen on April 12, 2006, styled as *Terry Parham v. Randy Allen and Mack Trucks, Inc.*, Civil Action Number CV-2006-1011. [Complaint, a copy of which is attached hereto as "Exhibit 5"]. The allegations in that Complaint arise from the same accident referenced in the first lawsuit. Therefore, there are now two separate actions pending in the Circuit Court of Montgomery County addressing the same claims against Defendant Allen.

5.    Notwithstanding the need to sever the initial claims, Terry Parham asserted his claims against Randy Allen in Civil Action Number CV-2005-1522. The claims against Defendant Allen found in Terry Parham's Complaint at CV-2006-1011 are unnecessarily cumulative, and the litigation of such would be an undue waste of judicial resources and subject Allen to multiple lawsuits by the same Plaintiff for the same alleged conduct. The claims against Allen are without merit. Defending the claims in two cases only doubles the harm caused to him by having to defend himself from the Plaintiff's baseless and vexatious claims.

WHEREFORE, premises considered, Randy Allen respectfully requests that the Court enter an Order dismissing Terry Parham's claims against Randy Allen found in Civil Action Number CV-2006-1011, or alternatively consolidating the claims against Randy Allen found in CV-2005-1522 and CV-2006-1011.

Respectfully Submitted,

Brett A. Ross  (ROS-024)
Gregory A. Brockwell (BRO-209)
Daryl P. Harris (HAR-279)

Attorneys for Defendant Randy Allen

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause via U.S. Mail, postage pre-paid on this the __8__ day of May, 2006:

Christopher D. Glover
Hollis & Wright, P.C.
1750 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

Tiernan W. Luck, III
621 S. Hull Street
Montgomery, Alabama 36104

Randy Allen
c/o United Parcel Service
2401 Jackson Ferry Road
Montgomery, Alabama 36110

Mack Trucks, Inc.
2000 Interstate Park #204
Montgomery, Alabama 36109

OF COUNSEL

Case 2:06-cv-00483-WHA-TFM Document 1-2 Filed 05/26/2006 Page 33 of 74

*Judge McCooey –*

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

TERRY R. PARHAM,      )
                       )
    *Plaintiff,*         )
                       )
v.                     )    Case No. CV-2005- 1522
                       )
UNITED PARCEL SERVICE,    )
                       )
    *Defendant.*       )

FILED
CIRCUIT COURT of
MONTGOMERY COUNTY
2005 JUN 17 PH 3: 51

## COMPLAINT

This action is filed pursuant to the Workers' Compensation laws of the State of Alabama. Terry R. Parham claims of the employer all benefits due him under the Workers' Compensation Act of Alabama as last amended, and further sets forth the following:

1.     United Parcel Service is a foreign corporation doing business in Montgomery County, Alabama.

2.     Jurisdiction is proper in this Honorable Court pursuant to *Ala. Code § 25-5-88 (1975)* and *Ala. Code § 12-11-30 (1975)*.

3.     Venue is proper in Montgomery County, Alabama pursuant to *Ala. Code § 6-3-7 (1975)*.

## COUNT ONE
### WORKERS' COMPENSATION

4.     On or about April 14, 2004, Terry R. Parham was an employee of United Parcel Service, Inc., and said parties were subject to the Workers' Compensation Act of Alabama, as last amended.

5.     On or about April 14, 2004, Terry R. Parham, while employed and engaged in the business of his employer, and while acting within the line and scope of his employment with his employer, injured his head by accident arising out of and in the course of the employment with employer and resulting in temporary total disability and permanent

EXHIBIT 1

partial disability and rendering him incapacitated within the meaning of the Workers' Compensation Act of Alabama, as last amended.

6.    Terry R. Parham was forced to be examined and treated by several physicians and incur medical bills, including, but not limited to, doctors bills, x-rays, medicine and medical services necessary for the treatment of his injuries, and Terry R. Parham will continue to incur medical bills in the future which are necessary for the treatment of his injuries.

7.    On or about 4/14/2004, Terry R. Parham was receiving an average weekly wage of approximately $986.80, exclusive of fringe benefits.

8.    Terry R. Parham avers that his employer received immediate and actual knowledge of the aforesaid injuries.

WHEREFORE, Terry R. Parham claims of United Parcel Service, Inc., such benefits as he is entitled to receive under the Workers' Compensation Act of the State of Alabama.

## COUNT TWO
### BREACH OF DUTY

9.    Terry R. Parham reasserts and re-alleges paragraphs one through 8 as if set out here in full.

10.    United Parcel Service owed a duty to provide a reasonable safe work environment to Terry R. Parham.

11.    United Parcel Service breached that duty in violation of *Ala. Code § 25-5-11*, by willfully failing to provide a safe work environment necessary to prevent said injury.

12.    As a direct and foreseeable result of United Parcel Service's willful conduct, Terry R. Parham has been severely injured.

WHEREFORE, Terry R. Parham claims of United Parcel Service such an amount of compensatory damages so as to make him whole. Furthermore, the actions and conduct of Defendant arise to such level as to allow for, and indeed require, the imposition of punitive damages to deter this Defendant and those similarly situated from such conduct.

Respectfully submitted this the 15th day of June, 2005.

Terry R. Parham

Tierman W. Luck, III
Attorney for Terry R. Parham

OF COUNSEL:
Tierman W. Luck, III, LLC
Attorney at Law
PO Box 847
Montgomery Alabama 36101-0847
(334) 262-5455

STATE OF ALABAMA        )
                               )
MONTGOMERY COUNTY    )

     Before the undersigned authority, this day personally appeared Terry R. Parham,

who, after being first duly sworn by me, deposes and says that the matters, facts and

things set forth and averred in the foregoing Complaint are true as therein set forth.

                                       Terry R. Parham

     SWORN TO AND SUBSCRIBED before me on this the __15__ day of June,

2005.

                                       Notary Public

[SEAL]

                                       My commission expires: _2-21-05_

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**TERRY R. PARHAM,**

      **Plaintiff,**

**v.**

                              **CIVIL ACTION NO. CV05-1522**

**UPS**

      **Defendant.**

## ANSWER/MOTION TO DISMISS

COMES NOW the Defendant, by and through its counsel, and responds to Plaintiff's Complaint as follows:

### First Defense

Plaintiff's complaint fails to states a cause of action upon which relief can be granted.

### Second Defense

Defendant denies the material allegations in plaintiff's complaint, and demands strict proof thereof.

### Third Defense

Defendant denies the plaintiff sustained permanent injury as alleged in the complaint as a result of an incident arising out of, and in the course of employment with the defendant.

### Fourth Defense

Defendant alleges that some or all of the plaintiff's medical bills have been paid, or are liable to be paid by some other health insurance provider.

EXHIBIT 2

### Fifth Defense

Defendant denies that it received the proper notice required by the Alabama Workmen's Compensation Act.

### Sixth Defense

Plaintiff's complaint is barred by the applicable statue of limitations, including, but not limited to her claim of an alleged injury.

### Seventh Defense

Defendant alleges that plaintiff has or may collect benefits from a third party tortfeasor, and the defendant will be entitled to a setoff of any recovery so made.

### Eighth Defense

Defendant asserts that venue is improper.

### Ninth Defense

Some or all of plaintiff's claims are barred by the exclusivity provisions of the Alabama Workers' Compensation Act.

### Tenth Defense

Defendant reserves the right to amend its responses to the Plaintiff's Complaint at any time during discovery and thereafter.

### Eleventh Defense

The claims contained in the Complaint, which seek the recovery of punitive damages, under present Alabama law, violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of

2

the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendant upon plaintiff's satisfying a burden of proof which is less that "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, thereby infringing upon the Due Process Clauses of the Fifth and Fourteenth Amendments of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth

Amendment of the United States Constitution.

## Eleventh Defense

The recovery of punitive damages by the Plaintiff in this action would violate the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

    (a)    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant for the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    (b)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Defendant

    (c)    The procedures pursuant to which punitive damages are awarded are constitutionally vague;

    (d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

    (e)    The award of punitive damages in this case would constitute a deprivation of property without due process.

## Twelfth Defense

The award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## Thirteenth Defense

The procedures pursuant to which punitive damages are awarded permit the

imposition of an excessive fine in violation of Article I, Section 16 of the Constitution of Alabama.

COMES NOW the Defendant, and responds to the specific allegations of Plaintiff's Complaint as follows:

In response to plaintiff's first unnumbered paragraph, Defendant denies that the Plaintiff is entitled to benefits under the Workers' Compensation Act of the State of Alabama or otherwise, and demands strict proof thereof.

1.    Defendant, UPS, admits to doing business in Montgomery County, Alabama. However, to the extent paragraph one alleges that the Plaintiff is entitled to benefits under the Workers' Compensation Act or otherwise, Defendant denies any and all material allegations found in paragraph one, and demands strict proof thereof.

2.    As these matters are still under investigation, Defendant denies any and all material allegations found in paragraph two, and demands strict proof thereof.

3.    As these matters are still under investigation, Defendant denies any and all material allegations found in paragraph three, and demands strict proof thereof.

## COUNT ONE

## WORKERS' COMPENSATION

4.    As these matters are still under investigation, Defendant denies any and all material allegations found in paragraph four, and demands strict proof thereof.

5.    As these matters are still under investigation, Defendant denies any and all material allegations found in paragraph five, and demands strict proof thereof.

6.    As these matters are still under investigation, Defendant denies any and all material allegations found in paragraph six, and demands strict proof thereof.

7.    As these matters are still under investigation, Defendant denies any and all

material allegations found in paragraph seven, and demands strict proof thereof.

8.    As these matters are still under investigation, Defendant denies any and all material allegations found in paragraph eight, and demands strict proof thereof.

WHEREFORE, Defendant, UPS, respectfully requests this Court to deny the Plaintiff's requests benefits under the Workers' Compensation Act of the State of Alabama or otherwise.

<u>COUNT TWO</u>

**(Motion to Dismiss)**

**BREACH OF DUTY**

COMES NOW the Defendant, and responds to Count Two of Plaintiff's Complaint as follows:

9.    Defendant reasserts all of its responses to Plaintiff's allegations found in paragraphs one through eight as if fully set out herein.

10.    Defendant, to the extent paragraph ten alleges that the Defendant did not provide a reasonable safe work environment, denies any and all material allegations found in paragraph ten, and demands strict proof thereof.

11.    Defendant denies any and all material allegations found in paragraph eleven, and demands strict proof thereof.

12.    Defendant denies any and all material allegations found in paragraph twelve, and demands strict proof thereof.

WHEREFORE,  Defendant respectfully requests this Court to dismiss the Plaintiff's claims and requests for compensatory damages so as to "make him whole," as well as punitive damage or any other relief requested. Defendant would further assert that an action for "failure to provide a reasonably safe work environment" does not exist under

the Workers' Compensation Act or under Alabama law, and is due to be dismissed. The

Plaintiff's exclusive remedy as an employee of UPS is the Workers' Compensation Act,

and as such, Count Two of this matter is due to be dismissed. Wherefore, Defendant

respectfully requests this Court to dismiss Count Two of the Plaintiff's Complaint as it fails

to state a claim upon which relief can be granted.

Respectfully submitted,

DONALD B. KIRKPATRICK, II
SEAN C. PIERCE
Attorneys for Defendant

**OF COUNSEL:**
**CARR, ALLISON, PUGH, HOWARD,**
    **OLIVER & SISSON, P.C.**
100 Vestavia Parkway
Birmingham, Alabama 35216
(205) 822-2006
*(205) 822-2057 Facsimile*

## CERTIFICATE OF SERVICE

    I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause by U.S. Mail on this the _14_ day of _July_ , 2005:

Tiernan W. Luck, III
P.O. Box 847
Montgomery, AL 36101-0847

OF COUNSEL

*Keith + lemay -*
*Can contact - Liability*
*O.Hth*

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TERRY PARHAM,                      )
                                   )
    *Plaintiff,*               )
                                   )
**v**                              )          CV-2005-1522
                                   )
UNITED PARCEL SERVICE,             )          **PLAINTIFF DEMANDS A**
                                   )          **TRIAL BY JURY**
    *Defendant.*               )

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Terry R. Parham, the injured employee the above-styled action, and submits the following amendment of Count Two of his Complaint.

9. Terry R. Parham reasserts and re-alleges paragraphs one through 8 as if set out here in full.

10. Randy Allen is a resident of Autauga County, Alabama and is believed to be over the age of nineteen years.

11. All causes of action herein occurred within the territorial bounds of this Court's jurisdiction and venue.

### COUNT II

12. Terry Parham reincorporates paragraphs one through eleven as if set out here in full.

13. On or about April 14, 2004, Defendant Randy Allen, with knowledge of the danger or peril to Terry Parham, consciously pursued a course of conduct with a design, intent, and purpose of inflicting injury to Terry Parham.

14. Defendant Randy Allen accomplished his illegal scheme by placing Terry Parham in a tractor that had been "red-tagged" as unfit for use.

EXHIBIT 3

15. As a direct and proximate result of Randy Allen's actions, Terry Parham was seriously injured and has not been able to return to work.

16. Terry Parham has suffered severe emotional distress, pain and suffering, medical bills, and lost wages as a result of Defendant Randy Allen's actions.

WHEREFORE, premises considered, Terry Parham prays this Honorable Court will enter judgment against Defendant Randy Allen for his illegal scheme and intent to injure Terry Parham in an amount to compensate him for his losses; furthermore, Defendant Randy Allen's actions arise to and indeed require the imposition of punitive damages to deter this Defendant and others similarly situated from like conduct.

Respectfully submitted this the 29th day of September, 2005.

_____
Tiernan (Terry) W. Luck, III LUC013
Attorney for Terry Parham

Tiernan W. Luck, III, Attorney at Law, L.L.C.
621 S. Hull Street
Montgomery, AL 36104
(334) 262-5455
(334) 263-1130 facsimile

## CERTIFICATE OF SERVICE

I certify that on the _____23_____ day of _____September_____
2005, the foregoing document was served on listed counsel,
properly addressed and pre-paid, in the following manner:

[]    Facsimile;
[]    Facsimile, original to follow by United States mail,
      first class, properly addressed
[✓]   United States mail, first class, properly addressed;
[]    United States mail, Express Mail delivery;
[]    Federal Express, overnight delivery;
[]    United Parcel Service, overnight delivery
[]    Hand delivery;
[]    Email, original to follow by United States mail, first
      class, properly addressed

Donald B. Kirkpatrick
Sean Pierce
Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C.
100 Vestavia Parkway
Suite 200
Birmingham, AL 35216

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| TERRY PARHAM, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED PARCEL SERVICE, et al., | ) |
| | ) |
| Defendant. | ) |

### ANSWER

COMES NOW Defendant Randy Allen, and in Answer to the Plaintiff's Complaint, as amended, states as follows:

### FIRST DEFENSE

The Defendant denies the material allegations in the complaint, as amended, and demands strict proof thereof.

### SECOND DEFENSE

The complaint fails to state a claim against the Defendant upon which relief can be granted.

### THIRD DEFENSE

The Defendant pleads the general issue.

### FOURTH DEFENSE

The Defendant pleads not guilty.

### FIFTH DEFENSE

The Plaintiff's claims are barred by the equitable doctrines of laches, waiver, and/or estoppel.

### SIXTH DEFENSE

The Defendant pleads the contributory negligence of the Plaintiff.

EXHIBIT 4

## SEVENTH DEFENSE

Any damages suffered by the Plaintiff were proximately caused by the tortious acts or omissions of a third party over whom the Defendant has no control.

## EIGHTH DEFENSE

The Defendant pleads the failure of the Plaintiff to mitigate his damages.

## NINTH DEFENSE

The Defendant pleads the applicable statute of limitations.

## TENTH DEFENSE

Some or all of the Plaintiff's claims are partially or completely barred because he voluntarily assumed a known risk.

## ELEVENTH DEFENSE

The Plaintiff's complaint, to the extent that it seeks exemplary or punitive damages, violates the Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## TWELFTH DEFENSE

The Plaintiff's complaint, to the extent that it seeks punitive or exemplarily damages, violates Defendant's rights to protection from "excessive fines" as provided in the Eight "Amendment of the United States Constitution and in Article I, § 15 of the Constitution of the State of Alabama. It violates Defendant's right to due process as provided in the Fifth and Fourteen Amendments of the United States Constitution and as provided in the Constitution of the State of Alabama, and, fails to state a cause of action supporting the imposition of punitive or exemplary damages.

### THIRTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendants under the Constitution of the United States of America.

### FOURTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate the constitutional safe guards provided to the Defendant under the due process clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related any legitimate government concerns or interest.

### FIFTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate Article I, § 6 Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interest.

### SIXTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate the procedural safe guards provided to Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendants is entitled to the same procedural safeguards afforded to criminal Defendants.

### SEVENTEENTH DEFENSE

It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose upon Defendant punitive damages which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### EIGHTEENTH DEFENSE

It is violative of the self incrimination clause of Article I, § 6 of the Constitution of the State of Alabama to impose punitive damages against Defendant, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### NINETEENTH DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant, which are penal in nature, by requiring a burden of proof by Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

### TWENTIETH DEFENSE

Any award of punitive damages to the Plaintiff in this case will violate the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

### TWENTY-FIRST DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate the equal protection Clause of the Fourteenth Amendment of the Constitution of the United States.

### TWENTY-SECOND DEFENSE

The imposition of punitive damages in this case violates the due process clause of Amendment V and XIV to the United States Constitution and Article I, sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage award has the substantial chilling effect on the exercise of fundamental rights to order liberty and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under the state and federal constitution provisions by (1) failing to provide sufficiently objective and

specific standards by which a jury may to decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury may award punitive damages against multiple defendants for different alleged acts of wrong doing; (4) failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint-feasors; (5) by failing to provide sufficiently clear, objective and specific standard for appellant review of rewards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

### TWENTY-THIRD DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause amendments of V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, sections 1, 6 and 22 of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of a distinctive advantage over civil defendants of comparable culpability due to the disparity and punitive treatment for similar conduct and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated Defendants.

### TWENTY-FOURTH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code § 6-11-21 (1975), which shall not exceed three times the compensatory damages or $1,500,000, whichever is greater.

## TWENTY-FIFTH DEFENSE

The Defendant pleads improper venue.

_____
Brett A. Ross (ROS-024)

_____
Gregory A. Brockwell (BRO-209)

_____
Daryl P. Harris (HAR-279)

**Attorneys for Defendant**

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on the following by United States mail, postage prepaid and properly addressed on this the __17__ day of __November__, 2005:

Tiernan W. Luck, III
621 S. Hull Street
Montgomery, Alabama 36104

Donald B. Kirkpatrick, II
Carr Allison
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216

_____
Of Counsel

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TERRY PARHAM,                              )
                                          )
    Plaintiff,                         )
                                          )
                                      ) Civil Action No.: CV-2005-1522
v.                                        )
                                          )
UNITED PARCEL SERVICE, et al.,            )
                                          )
    Defendant.                         )

---

### DEFENDANT RANDY ALLEN'S MOTION TO SEVER

---

COMES NOW the Defendant, Randy Allen, and pursuant to Rule 21 of the Alabama Rules of Civil Procedure, and moves this Court for an Order severing the Plaintiff's claims against him from those asserted against United Parcel Service. In support thereof, Defendant states as follows:

1.    Count One of Plaintiff's complaint makes a claim for workers' compensation benefits which, according to Ala. Code § 25-5-81, shall be determined by a bench trial.

2.    The remaining count of Plaintiff's complaint seeks damages for the alleged "conscious conduct" of Defendant Allen, presumably under a theory of willfulness or wantonness, which Plaintiff purports resulted in his injuries.

3.    The proper procedure when a plaintiff has filed a complaint seeking both workers' compensation benefits and tort relief in the same action, is for the court to sever the jury claims from the non-jury claims. *See Raines v. Browning Ferris Industries of Alabama, Inc.*, 638 So.2d 1334 (Ala. Civ. App. 1993); *Watson v. Presbyterian Retirement Corp.*, 615 So.2d 624 (Ala. Civ. App. 1992).

4.    This severance would promote judicial economy and would enable both cases to be tried expeditiously.

WHEREFORE, PREMISES CONSIDERED, Defendant Allen respectfully requests this Court sever the workers' compensation and the tort claim, creating two separate actions with different case numbers and allowing the workers' compensation action to be placed on the non-jury docket and the remaining tort claim to be placed on the jury docket.

Respectfully Submitted,

*Daryl P. Harris*

Brett A. Ross  (ROS-024)
Gregory A. Brockwell (BRO-209)
Daryl P. Harris (HAR-279)

**Attorneys for Defendant Randy Allen**

OF COUNSEL:

CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause via U.S. Mail, postage pre-paid on this the _14th_ day of December, 2005:

Tiernan W. Luck, III
621 S. Hull Street
Montgomery, Alabama 36104

Donald B. Kirkpatrick, II
Carr Allison
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216

*Daryl Harris*

OF COUNSEL

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TERRY PARHAM, an individual;                )
                                            )
    Plaintiff,                       )
                                            )
vs.                                         )
                                            )   CV:___CN-06-1011
RANDY ALLEN, an individual,                 )
MACK TRUCKS, INC., a corporation; **No. 1**, whether singular or plural, that entity
or those entities, other than those entities described herein, whose breach of contract or
warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 2**,
whether singular or plural, that entity or those entities whose negligence, or
wantonness, or other wrongful conduct contributed to cause the occurrence made the
basis of plaintiff's complaint; **No. 3**, whether singular or plural, that person or those
persons who were employees or executive officers of plaintiff's employer who had been
delegated responsibility by their employer to provide plaintiff with a safe place to work
or a reasonably safe work environment; **No. 4**, whether singular or plural, that person
or those persons who were employees or executive officers of plaintiff's employer who
were guilty of willful conduct on or before the occasion made the basis of this suit and
whose willful conduct was a proximate cause of plaintiff's injuries; **No. 5**, whether
singular or plural, that entity or those entities who or which had conducted safety
inspection or analysis with respect to the work being done by, operations of, and or
facilities of the plaintiff's employer at any time before the occurrence made the basis of
plaintiff's complaint; **No. 6**, whether singular or plural, that entity or those entities who
or which was involved in planning which related in any way to the safety of the plaintiff
or the execution of work being done at the time of the occurrence made the basis of this
lawsuit; **No. 7**, whether singular or plural, that entity or those entities who or which
entered into a contract with plaintiff's employer for work to be performed on the date of
the occurrence made the basis of this suit; **No. 8**, whether singular or plural, any and
all insurance carriers which made any visit to or loss control inspection of the work site
where plaintiff was injured or any other place of business of plaintiff's employer prior to
the occurrence made the basis of plaintiff's complaint; **No. 9**, whether singular or
plural, that entity or those entities who or which designed the grab bar involved in the
occurrence made the basis of this lawsuit, any component part thereof, or any attendant
equipment used or available for use therewith; **No. 10**, whether singular or plural, that
entity or those entities who or which manufactured or assembled the grab bar involved
in the occurrence made the basis of this lawsuit, any component part thereof, or any
attendant equipment used or available for use therewith; **No. 11**, whether singular or
plural, that entity or those entities who or which had any role in the distributive chain
regarding the grab bar involved in the occurrence made the basis of this lawsuit, any
component part thereof, or any attendant equipment used or available for use
therewith, from the date of manufacture of each said product through the date of its
acquisition; **No. 12**, whether singular or plural, individual or individuals, that entity or
those entities who or which, prior to the occurrence made the basis of this lawsuit
altered or repaired the grab bar involved in said occurrence, any component part

)JURY TRIAL DEMANDED

EXHIBIT 5

thereof, or any attendant equipment used or available for use therewith; **No. 13,** whether singular or plural, that entity or those entities who or which installed the grab bar on the vehicle; **No. 14,** whether singular or plural, that entity or those entities who added or removed a safety device on the vehicle that injured the plaintiff; **No. 15,** whether singular or plural that entities or those entities that added or removed a safety device on the grab bar that injured the plaintiff; **No. 16,** whether singular or plural, that entity or those entities who or which suggested or specified the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment be used as it was being used at the time of the occurrence; **No. 17,** whether singular or plural, that entity or those entities who or which failed to warn or issued inadequate warnings or instructions regarding the use or operation of the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 18,** whether singular or plural, that entity or those entities which provided product liability and/or general liability insurance coverage for the manufacturer and/or distributor of the grab bar involved in the occurrence made the basis of this lawsuit at the time of said occurrence or at any time prior thereto; **No. 19,** whether singular or plural, that entity who or which installed the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 20,** whether singular or plural, that person, or those persons that entity or those entities whose duty it was to maintain the grab bar involved in the occurrence made the basis of this lawsuit from the time it was manufactured or assembled until the time of plaintiff's injury made the basis of this suit; **No. 21,** whether singular or plural, that entity or those entities who or which was responsible for advertising the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof or any attendant equipment used or available for use therewith; **No. 22,** whether singular or plural, that entity or those entities who or which did any consulting work, i.e., advertising, engineering, etc., referable to the design, manufacture and/or assembly of the grab bar involved in the occurrence made the basis of this lawsuit; **No. 23,** whether singular or plural, that entity or those entities, who or which tested, inspected, approved or issued any approval of the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 24,** whether singular or plural, that entity or those entities, other than those entities described above, which is the successors in interest of those entities described above; Plaintiff avers that the identities of the fictitious parties defendant herein are otherwise unknown to plaintiff at this time or, if their names are known to plaintiff their identities as proper parties defendant are not known to plaintiff at this time, and their true names will be substituted by amendment when ascertained.                                    )

                Defendants.                                    )

                                          )

## COMPLAINT

1.    Plaintiff, Terry Parham is an adult resident of Montgomery, Montgomery County, Alabama.

2.    Defendant, Randy Allen is believed to be an adult resident of Montgomery, Montgomery County, Alabama.

3.    Defendant, Mack Trucks, Inc. is a corporation doing substantial business in the State of Alabama.

4.    On or about April 14, 2004, Plaintiff, Terry Parham, was working for United Parcel Service and performing his usual duties when he attempted to hook up a trailer to the United Parcel Service tractor. He grabbed the grab bar located on the United Parcel Service truck and it came unattached causing the Plaintiff to fall.

5.    On said date, Terry Parham was permanently injured due to the grab bar not being properly secured to the truck.

## COUNT I

6.    Plaintiff reaffirms and realleges each and every preceding paragraph.

7.    Plaintiff alleges that Defendant, Randy Allen and/or fictitious named parties, were guilty of willful conduct as set forth in Section 25-5-11(c)(2) by removal of a safeguard and/or device on the subject grab bar.

8.    The Plaintiff further states that a safeguard or device was removed, not installed, or left unrepaired from the grab bar with knowledge that injury would probably or likely result from the lack of the safety guard or device.

9.    As a proximate consequence of the afore described willful conduct, Plaintiff was caused to be injured when said grab bar came loose from the truck causing the Plaintiff to fall and be permanently injured as follows:

3

(a)    Plaintiff sustained an injury to his head, neck injury which resulted in surgery, decreased vision and various other injuries on and about his body.

(b)    Plaintiff was caused and will be caused in the future to suffer great physical pain, emotional distress and anguish.

(c)    Plaintiff was caused and will be caused in the future to expend large sums of money in the nature of doctor, hospital, drug any other medical expenses in and about an effort to heal and cure his said injuries.

(d)    Plaintiff was caused to be permanently unable to pursue many of his normal and usual activities.

Wherefore, Plaintiff, Terry Parham, demands of Defendants, separately and severely, compensatory and punitive damages in an amount to be determined by a jury after a full and fair hearing of the case, which amount shall exceed the jurisdictional requirements of this Court plus costs of Court.

## COUNT II

10.    Plaintiff reaffirms and realleges each and every preceding paragraph.

11.    On or about April 14, 2004, and for some time prior thereto, the Defendant, Mack Trucks, Inc. and fictitious parties defendants were engaged in the business of designing, manufacturing, selling and/or distributing grab bars and their component parts throughout the United States for use by certain members of the general public.    Said defendant during said period of time and for valuable consideration designed, manufactured, sold and/or distributed the grab bar, which injured the plaintiff proximately causing his injuries as fully set out herein.

12.    At the aforesaid time and place, said grab bar and its component parts were in substantially the same condition as when manufactured, sold and/or distributed, and was being used in the a manner that was foreseeable.    The grab bar

4

and its component parts were not reasonably safe when being used in a foreseeable manner, but, to the contrary, were defective and unreasonably dangerous to the human body when being so used. Said defendant knew, or in the exercise of reasonable care should have known, that said grab bar and its component parts were unreasonably dangerous to the human body when being so used in a foreseeable manner.

13.    The foregoing wrongful conduct of said defendant was the proximate cause of the plaintiff's injuries and renders said defendant liable to plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

WHEREFORE, plaintiff demands judgment against the defendants separately and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury which will fairly and adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and the cost of the proceeding.

### COUNT III

14.    Plaintiff reaffirms and realleges each and every preceding paragraph.

15.    The defendant, Mack Trucks, Inc. and fictitious parties defendants expressly and/or impliedly warranted that the grab bar and its component parts involved in the occurrence made the basis of the plaintiff's complaint was reasonably fit and suitable for the purpose for which it was intended to be used. Plaintiff avers that said defendant breached expressed and/or implied warranties and that said grab bar and its component parts were not reasonably fit and suitable for the purpose for which it was intended to be used, but, to the contrary, said grab bar and its

5

component parts at the time it was manufactured, distributed, sold and/or delivered, was in a dangerously defective and unsafe condition as aforementioned. Plaintiff further avers that as a proximate result of the aforesaid breach of warranty by said defendant, plaintiff was caused to suffer the injuries as fully set out herein.

16.    On or about April 14, 2004, the defendant was guilty of negligent and/or wanton conduct and/or was in violation of the Alabama Extended Manufacturer's Liability Doctrine and said negligent, wanton or other wrongful conduct combined and concurred, to proximately cause plaintiff's injuries as fully set out herein.

WHEREFORE, plaintiff demands judgment against the defendants separately and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury which will fairly and adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and the cost of the proceeding.

## COUNT IV

17.    Plaintiff reaffirms and realleges each and every preceding paragraph.

18.    The Defendants, Mack Trucks, Inc. and fictitious party defendants negligently and/or wantonly serviced, maintained, and/or repaired the grab bar and its component parts involved in the occurrence made the basis of plaintiff's complaint and such negligent and/or wanton conduct was the proximate cause of plaintiff's injuries as described above.

WHEREFORE, plaintiff demands judgment against the defendants separately and severally, including fictitious party defendants, in a sum in excess of

the jurisdictional limits of this Court, to be determined by a jury which will fairly and adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and the cost of the proceeding.

### JURY DEMAND

Plaintiff hereby requests a trial by struck jury on all issues of this cause.

CHRISTOPHER D. GLOVER
Attorney for the Plaintiff
Bar Code No.: GLO007

**OF COUNSEL:**
HOLLIS & WRIGHT, P.C.
1750 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 324-3600
(205) 324-3636 Facsimile

## PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT:

Randy Allen
c/o UPS
2401 Jackson Ferry Road
Montgomery, AL 36110

Mack Trucks, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 35109

7

| **STATE OF ALABAMA**  **Revised 2/22/05** | ▶ Case No. |
|---|---|
| Unified Judicial System | CV-2005-1522 |
| Montgomery County    Check one (Not for Workers' Comp., PFA, or Small Claims cases): | CV-2006-1011 |

Check one (Not for Workers' Comp., PFA, or Small Claims cases):
☐ District Court ☑ Circuit Court

| *Style of case:* Terry Parham v. United Parcel Service and Terry Parham v. Randy Allen and Mack Trucks, Inc. | **MOTION COVER SHEET** |
|---|---|
| | Name of Filing Party: Defendant |

| Name, Address, and Telephone No. Of Attorney or Party, If Not Represented: | To be filled out by Clerk of Court: |
|---|---|
| Brett A. Ross, Carr, Allison, Pugh, Howard, Oliver & Sisson, 100 Vestavia Parkway, Birmingham, Alabama 35216 | ☐ Filing Fee Charged and Collected (Amt. $_____) |
| | ☐ Filing Fee Not Required (SM, Work Comp, PFA) |
| | ☐ Affidavit of Hardship on File |
| Attorney Bar No.: ASB 6771-O-76-B | |

# Type of Motion (Check One)

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Intervene or Appear as Third Party Plaintiff - Only in CV cases, excluding DR cases filed on the CV docket ($297.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| ☐ Joinder in Other Party's Dispositive Motion (i.e., Summary Judgment, Judgement on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Compel |
| | ☑ Consolidation |
| | ☐ Continue |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Deposition |
| ☐ Motion to dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during trial) |
| ☐ Other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Disburse Funds |
| | ☐ Discovery |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgement on the Pleadings, or other Dispositive Motion not pursuant to Rule 12 (b)) ($50.00) | ☐ *Ex Parte* Restraining |
| | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Summary Judgment or other Dispositive Motion not pursuant to Rule 12 (b) ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| ☐ Other _____, | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| pursuant to Rule _____ ($50.00) | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| **\*Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.** | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Show Cause |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| ☐ Local Court Cost $_____ | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Temporary Restraining Order |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to filing fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | DATE: 5-8-06 | Signature of Attorney or Party: *[signature]* |
|---|---|---|

\*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a Separate Cover Sheet.
\*\* Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) ...

CNP

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X ☐ Agent ☐ Addressee <br> B. Received by (Printed Name)    C. Date of Delivery  4/27/6 |
| 1. Article Addressed to: <br><br> Mack Trucks, Inc. <br> c/o The Corporation Company <br> 2000 Interstate Park Drive <br> Suite 204 <br> Montgomery, AL 36109 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br> SPC   D2 <br><br> CV-06-1011 |
|  | 3. Service Type <br> ☑ Certified Mail   ☐ Express Mail <br> ☐ Registered       ☑ Return Receipt for Merchandise <br> ☐ Insured Mail     ☐ C.O.D. |
| 2. A <br> 7005 1820 0003 6458 2515 | 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| PS Form 3811, February 2004    Domestic Return Receipt | GLO 007 <br> 102595-02-M-1540 |

Melissa Rittenour
Circuit Clerk

p - Terry Parham
d - Randy Allen

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TERRY PARHAM,                    )
                                 )
    Plaintiff,            )
                                 )
v.                               )    Civil Action No. CV-06-1011
                                 )
RANDY ALLEN, et al.,             )
                                 )
    Defendants.           )

---

### ANSWER

---

COMES NOW Defendant Randy Allen, and in Answer to the Plaintiff's Complaint, states as follows:

### FIRST DEFENSE

Defendant Randy Allen denies the material allegations in the complaint and demands strict proof thereof.

### SECOND DEFENSE

The complaint fails to state a claim against the Defendant upon which relief can be granted.

### THIRD DEFENSE

Defendant Randy Allen pleads the general issue.

### FOURTH DEFENSE

Defendant Randy Allen pleads not guilty.

### FIFTH DEFENSE

The Plaintiff's claims are barred by the equitable doctrines of laches, waiver, and/or estoppel.

### SIXTH DEFENSE

Defendant Randy Allen pleads that the Plaintiff's claims are barred by the exclusivity

provisions of the Alabama Workers' Compensation Act.

## SEVENTH DEFENSE

Defendant Randy Allen pleads the contributory negligence of the Plaintiff.

## EIGHTH DEFENSE

Any damages suffered by the Plaintiff were proximately caused by the tortious acts or omissions of a third party over whom Defendant Randy Allen has no control.

## NINTH DEFENSE

Defendant Randy Allen pleads the failure of the Plaintiffs to mitigate their damages.

## TENTH DEFENSE

Defendant Randy Allen pleads the applicable statute of limitations.

## ELEVENTH DEFENSE

Some or all of the Plaintiffs' claims may be partially or completely barred because he voluntarily assumed a known risk.

## TWELFTH DEFENSE

Defendant Randy Allen incorporates the affirmative defenses of the other known Defendants to the extent they are applicable to them.

## THIRTEENTH DEFENSE

Defendant Randy Allen denies that the Plaintiff is entitled to recover against him as a vendor or manufacturer of product as alleged in the Plaintiffs' Complaint.

## FOURTEENTH DEFENSE

Defendant Randy Allen denies that the Plaintiff is entitled to recover against him under the Alabama Extended Manufacturers Liability Doctrine.

## FIFTEENTH DEFENSE

Defendant Randy Allen denies that the Plaintiff is entitled to recovery against him as a vendor under the Alabama Extended Manufacturers Liability Doctrine to the extent the alleged

defect was not detectable by it prior to distribution to the Plaintiff.

## SIXTEENTH DEFENSE

Defendant Randy Allen denies that he is a "manufacturer" of the product or is otherwise within the scope of potentially liable entities under the Alabama Extended Manufacturers Liability Act.

## SEVENTEENTH DEFENSE

The Plaintiff's complaint, to the extent that it seeks exemplary or punitive damages, violates the Defendant Randy Allen's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## EIGHTEENTH DEFENSE

The Plaintiff's complaint, to the extent that it seeks punitive or exemplarily damages, violates Defendant Randy Allen's rights to protection from "excessive fines" as provided in the Eight "Amendment of the United States Constitution and in Article I, § 15 of the Constitution of the State of Alabama. It violates Defendant Allen's right to due process as provided in the Fifth and Fourteen Amendments of the United States Constitution and as provided in the Constitution of the State of Alabama, and, fails to state a cause of action supporting the imposition of punitive or exemplary damages.

## NINETEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant Randy Allen under the Constitution of the United States of America.

## TWENTIETH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the

constitutional safe guards provided to Defendant Randy Allen under the due process clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related any legitimate government concerns or interest.

### TWENTY-FIRST DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate Article I, § 6 Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interest.

### TWENTY- SECOND DEFENSE

Any award of punitive damages to the Plaintiff in this case would  violate the procedural safe guards provided Defendant Randy Allen under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant Randy Allen is entitled to the same procedural safeguards afforded to criminal Defendants.

### TWENTY-THIRD DEFENSE

It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose upon Defendant Randy Allen damages which are penal in nature, yet compel Defendant Randy Allen to disclose potentially incriminating documents and evidence.

### TWENTY- FOURTH DEFENSE

It is violative of the self incrimination clause of Article I, § 6 of the Constitution of the State of Alabama to impose punitive damages against Defendant Randy Allen which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### TWENTY- FIFTH DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant

Randy Allen which are penal in nature, by requiring a burden of proof by Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

## TWENTY- SIXTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will violate the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

## TWENTY- SEVENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate the equal protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## TWENTY- EIGHTH DEFENSE

The imposition of punitive damages in this case violates the due process clause of Amendment V and XIV to the United States Constitution and Article I, sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage award has the substantial chilling effect on the exercise of fundamental rights to order liberty and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under the state and federal constitution provisions by (1) failing to provide sufficiently objective and specific standards by which a jury may to decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury  may award punitive damages against multiple defendants for different alleged acts of wrong doing; (4) failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint-feasors; (5) by failing to provide sufficiently

clear, objective and specific standard for appellant review of rewards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

### TWENTY- NINTH DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause amendments of V and XIV of the United States Constitution and deprives Defendant Waste Away of the right to equal protection under the law provided in Article I, sections 1, 6 and 22 of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of a distinctive advantage over civil defendants of comparable culpability due to the disparity and punitive treatment for similar conduct and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated Defendants.

### THIRTIETH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code § 6-11-21 (1975), which shall not exceed three times the compensatory damages or $1,500,000, whichever is greater.

### THIRTY- FIRST DEFENSE

Defendant Randy Allen pleads improper venue.

### THIRTY- SECOND DEFENSE

Defendant Randy Allen pleads insufficient service of process.

### THIRTY- THIRD DEFENSE

Defendant Randy Allen reserves the right to amend his Answer as allowed by law.

### THIRTY- FOURTH DEFENSE

Defendant Randy Allen incorporates each and every defense previously pled in response to the Plaintiff's Complaint, as amended, in CV-05-1522.

Brett A. Ross (ROS-024)

Gregory A. Brockwell (BRO-209)

Daryl P. Harris (HAR-279)

Attorneys for Defendant Randy Allen

**OF COUNSEL:**

CARR  ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on the following by United States mail, postage prepaid and properly addressed on this the __8__ day of _May_, 2006:

Christopher D. Glover
Hollis & Wright, P.C.
1750 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

Tiernan W. Luck, III
621 S. Hull Street
Montgomery, Alabama 36104

Randy Allen
c/o United Parcel Service
2401 Jackson Ferry Road
Montgomery, Alabama 36110

Mack Trucks, Inc.
2000 Interstate Park #204
Montgomery, Alabama 36109

_____
Of Counsel



## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TERRY PARHAM,                          )
                                       )
    Plaintiff,         )
                                       )
v.                                     )    Civil Action No. CV-06-1011
                                       )
RANDY ALLEN, et al.,                   )
                                       )
    Defendants.        )

---

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

---

TO:    Ms. Melissa Rittenour, Clerk
       Montgomery County Circuit Court
       P.O. Box 1667
       Montgomery, AL 36102

    PLEASE TAKE NOTICE that the following discovery documents have been filed on behalf

of the Defendant.

    1.    Defendant Allen's First Interrogatories to Plaintiff
    2.    Defendant Allen's First Request for Production to Plaintiff
    3.    Notice of Deposition

                               Brett A. Ross (ROS-024)
                               Gregory A. Brockwell (BRO-209)
                               Daryl P. Harris (HAR-279)

                               Attorneys for Defendant Randy Allen

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on the following by United States mail, postage prepaid and properly addressed on this the ___ day of _____, 2006:

Christopher D. Glover
Hollis & Wright, P.C.
1750 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

Tiernan W. Luck, III
621 S. Hull Street
Montgomery, Alabama 36104

Randy Allen
c/o United Parcel Service
2401 Jackson Ferry Road
Montgomery, Alabama 36110

Mack Trucks, Inc.
2000 Interstate Park #204
Montgomery, Alabama 36109

Of Counsel

CNP

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Rau C. Alle_   ☐ Agent  ☐ Addressee<br>B. Received by ( Printed Name )   C. Date of Delivery  5/1/06 |
| 1. Article Addressed to:<br>Randy Allen<br>c/o UPS<br>2401 Jackson Ferry Road<br>Montgomery, AL 36110 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br>S&C O1<br>CV 06 - 1011<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2.   7005 1820 0007 5544 8789 | GL0007 |

PS Form **3811**, February 2004        Domestic Return Receipt        102595-02-M-1540

P - Terry Parham
d - Randy Allen