IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| TERRY PARHAM, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. CV-06-1011 |
| RANDY ALLEN, et al., | ) |
| Defendants. | ) |

## ANSWER

COMES NOW Defendant Randy Allen, and in Answer to the Plaintiff's Complaint, states as follows:

### FIRST DEFENSE

Defendant Randy Allen denies the material allegations in the complaint and demands strict proof thereof.

### SECOND DEFENSE

The complaint fails to state a claim against the Defendant upon which relief can be granted.

### THIRD DEFENSE

Defendant Randy Allen pleads the general issue.

### FOURTH DEFENSE

Defendant Randy Allen pleads not guilty.

### FIFTH DEFENSE

The Plaintiff's claims are barred by the equitable doctrines of laches, waiver, and/or estoppel.

### SIXTH DEFENSE

Defendant Randy Allen pleads that the Plaintiff's claims are barred by the exclusivity

provisions of the Alabama Workers' Compensation Act.

## SEVENTH DEFENSE

Defendant Randy Allen pleads the contributory negligence of the Plaintiff.

## EIGHTH DEFENSE

Any damages suffered by the Plaintiff were proximately caused by the tortious acts or omissions of a third party over whom Defendant Randy Allen has no control.

## NINTH DEFENSE

Defendant Randy Allen pleads the failure of the Plaintiffs to mitigate their damages.

## TENTH DEFENSE

Defendant Randy Allen pleads the applicable statute of limitations.

## ELEVENTH DEFENSE

Some or all of the Plaintiffs' claims may be partially or completely barred because he voluntarily assumed a known risk.

## TWELFTH DEFENSE

Defendant Randy Allen incorporates the affirmative defenses of the other known Defendants to the extent they are applicable to them.

## THIRTEENTH DEFENSE

Defendant Randy Allen denies that the Plaintiff is entitled to recover against him as a vendor or manufacturer of product as alleged in the Plaintiffs' Complaint.

## FOURTEENTH DEFENSE

Defendant Randy Allen denies that the Plaintiff is entitled to recover against him under the Alabama Extended Manufacturers Liability Doctrine.

## FIFTEENTH DEFENSE

Defendant Randy Allen denies that the Plaintiff is entitled to recovery against him as a vendor under the Alabama Extended Manufacturers Liability Doctrine to the extent the alleged

defect was not detectable by it prior to distribution to the Plaintiff.

## SIXTEENTH DEFENSE

Defendant Randy Allen denies that he is a "manufacturer" of the product or is otherwise within the scope of potentially liable entities under the Alabama Extended Manufacturers Liability Act.

## SEVENTEENTH DEFENSE

The Plaintiff's complaint, to the extent that it seeks exemplary or punitive damages, violates the Defendant Randy Allen's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## EIGHTEENTH DEFENSE

The Plaintiff's complaint, to the extent that it seeks punitive or exemplarily damages, violates Defendant Randy Allen's rights to protection from "excessive fines" as provided in the Eight "Amendment of the United States Constitution and in Article I, § 15 of the Constitution of the State of Alabama. It violates Defendant Allen's right to due process as provided in the Fifth and Fourteen Amendments of the United States Constitution and as provided in the Constitution of the State of Alabama, and, fails to state a cause of action supporting the imposition of punitive or exemplary damages.

## NINETEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant Randy Allen under the Constitution of the United States of America.

## TWENTIETH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the

constitutional safe guards provided to Defendant Randy Allen under the due process clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related any legitimate government concerns or interest.

### TWENTY-FIRST DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate Article I, § 6 Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interest.

### TWENTY- SECOND DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate the procedural safe guards provided Defendant Randy Allen under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant Randy Allen is entitled to the same procedural safeguards afforded to criminal Defendants.

### TWENTY-THIRD DEFENSE

It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose upon Defendant Randy Allen damages which are penal in nature, yet compel Defendant Randy Allen to disclose potentially incriminating documents and evidence.

### TWENTY- FOURTH DEFENSE

It is violative of the self incrimination clause of Article I, § 6 of the Constitution of the State of Alabama to impose punitive damages against Defendant Randy Allen which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### TWENTY- FIFTH DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant

Randy Allen which are penal in nature, by requiring a burden of proof by Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

### TWENTY- SIXTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will violate the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

### TWENTY- SEVENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate the equal protection Clause of the Fourteenth Amendment of the Constitution of the United States.

### TWENTY- EIGHTH DEFENSE

The imposition of punitive damages in this case violates the due process clause of Amendment V and XIV to the United States Constitution and Article I, sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage award has the substantial chilling effect on the exercise of fundamental rights to order liberty and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under the state and federal constitution provisions by (1) failing to provide sufficiently objective and specific standards by which a jury may to decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury may award punitive damages against multiple defendants for different alleged acts of wrong doing; (4) failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint-feasors; (5) by failing to provide sufficiently

clear, objective and specific standard for appellant review of rewards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

### TWENTY-NINTH DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause amendments of V and XIV of the United States Constitution and deprives Defendant Waste Away of the right to equal protection under the law provided in Article I, sections 1, 6 and 22 of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of a distinctive advantage over civil defendants of comparable culpability due to the disparity and punitive treatment for similar conduct and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated Defendants.

### THIRTIETH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code § 6-11-21 (1975), which shall not exceed three times the compensatory damages or $1,500,000, whichever is greater.

### THIRTY-FIRST DEFENSE

Defendant Randy Allen pleads improper venue.

### THIRTY-SECOND DEFENSE

Defendant Randy Allen pleads insufficient service of process.

### THIRTY-THIRD DEFENSE

Defendant Randy Allen reserves the right to amend his Answer as allowed by law.

### THIRTY-FOURTH DEFENSE

Defendant Randy Allen incorporates each and every defense previously pled in response to the Plaintiff's Complaint, as amended, in CV-05-1522.

_____
Brett A. Ross (ROS-024)

_____
Gregory A. Brockwell (BRO-209)

_____
Daryl P. Harris (HAR-279)

Attorneys for Defendant Randy Allen

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on the following by United States mail, postage prepaid and properly addressed on this the __8__ day of __May__, 2006:

Christopher D. Glover
Hollis & Wright, P.C.
1750 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

Tiernan W. Luck, III
621 S. Hull Street
Montgomery, Alabama 36104

Randy Allen
c/o United Parcel Service
2401 Jackson Ferry Road
Montgomery, Alabama 36110

Mack Trucks, Inc.
2000 Interstate Park #204
Montgomery, Alabama 36109

_____
Of Counsel