IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY PARHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2:06cv483-DRB |
| RANDY ALLEN, an individual, MACK | ) |
| TRUCKS, INC., a corporation, et al., | ) |
| | ) |
| Defendants. | ) |

## MACK TRUCK, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Mack Trucks, Inc. answers plaintiff's complaint as follows:

### FIRST DEFENSE

For answer to the numbered paragraphs of plaintiff's complaint, defendant says as follows:

1. Defendant lacks sufficient information to admit or deny the allegations of paragraph 1, and therefore, denies same.

2. Defendant lacks sufficient information to admit or deny the allegations of paragraph 2, and therefore, denies same.

3. Defendant admits the allegations of paragraph 3.

4. Defendant lacks sufficient information to admit or deny the allegations of paragraph 4 and therefore, denies same.

1467689

5. Defendant denies the allegations of paragraph 5.

## COUNT ONE

6. Defendant responds to paragraph 6 as set forth above.

7. Defendant lacks sufficient information to admit or deny the allegations of paragraph 7 and therefore, denies same.

8. Defendant lacks sufficient information to admit or deny the allegations of paragraph 8 and therefore, denies same.

9. Defendant denies the allegations of paragraph 9, including each subpart.

Defendant denies the allegation of the unnumbered paragraph following paragraph 9, and denies that plaintiff is entitled to any judgment or relief whatsoever against this Defendant.

## COUNT TWO

10. Defendant responds to paragraph 10 as set forth above.

11. Defendant admits that it is in the business of designing, assembling, and selling commercial trucks and tractors and that some of these trucks were equipped with grab bars. As the complaint does not state a vehicle identification number for the vehicle made the basis of the complaint, Defendant does not know at this time whether the vehicle is one of Defendant's vehicles. Defendant lacks

sufficient information to admit or deny the remaining allegations of paragraph 11, and therefore, denies same.

12. Defendant denies the allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13.

Defendant denies the allegation of the unnumbered paragraph following paragraph 13, and denies that plaintiff is entitled to any judgment or relief whatsoever against this Defendant.

## COUNT THREE

14. Defendant responds to paragraph 14 as set forth above.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

Defendant denies the allegation of the unnumbered paragraph following paragraph 16, and denies that plaintiff is entitled to any judgment or relief whatsoever against this Defendant.

## COUNT FOUR

17. Defendant responds to paragraph 17 as set forth above.

18. Defendant denies the allegations of paragraph 18.

Defendant denies the allegation of the unnumbered paragraph following paragraph 18, and denies that plaintiff is entitled to any judgment or relief whatsoever against this Defendant.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim against defendant upon which relief may be granted.

## THIRD DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts of third parties over which defendant had no responsibility or control and for which defendant may not be held liable.

## FOURTH DEFENSE

On the occasion complained of, Plaintiff was guilty of contributory negligence which proximately caused or contributed to the injuries alleged in the Complaint.

## FIFTH DEFENSE

Plaintiff assumed the risk of the injuries alleged in the Complaint.

## SIXTH DEFENSE

Plaintiff's claims are barred because Plaintiff's injuries were caused by misuse of the tractor at issue.

## SEVENTH DEFENSE

The product allegedly involved in the incident described in the Complaint was not in the condition in which it was originally manufactured and tested in

conformity with the generally recognized and prevailing industry standards and state of the art in existence at the time of its design, manufacture, and sale.

### EIGHTH DEFENSE

The product allegedly involved in the incident described in the Complaint was not in the condition in which it was originally manufactured.

### NINTH DEFENSE

The product allegedly involved in the incident described in the Complaint had been altered or modified and those alterations of modifications subsequently and proximately caused the damages and injuries alleged in the Complaint.

### TENTH DEFENSE

The product allegedly involved in the incident described in the Complaint had not received proper and necessary routine care and maintenance and the failure to maintain the product substantially and proximately caused the damages and injuries alleged herein.

### ELEVENTH DEFENSE

Any and all warranties upon which Plaintiff relies have been disclaimed or are barred by the doctrines of estoppel and waiver.

### TWELFTH DEFENSE

Defendant reserves the right to assert that venue is improper.

## THIRTEENTH DEFENSE

Defendant reserves the right to assert that some of all of Plaintiff's claims are barred by the applicable statute of limitations.

## FOURTEENTH DEFENSE

There is no basis in fact or law for Plaintiff's claims for punitive damages in the complaint. Moreover, an award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Alabama.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to recover punitive damages pursuant to ALA. CODE § 6-11-20.

## SIXTEENTH DEFENSE

Plaintiff's claims for punitive damages against Defendant cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

## SEVENTEENTH DEFENSE

Plaintiff's claims for punitive damages cannot be upheld to the extent they contravene the principles established by United States Supreme Court in *BMW v. Gore,* 116 S.Ct. 1589 (1996), *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), and *State Farm Mut. Auto Ins. Co. v. Campbell,* 538 U.S. 408

(2003), prohibiting the imposition of grossly excessive or arbitrary punitive damage awards.

### EIGHTEENTH DEFENSE

Plaintiff's claims for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the United States Constitution, the Alabama Constitution and/or the common law or the public policies of the United States and Alabama on the following grounds:

(a)  It is a violation of the United States Constitution and the Alabama Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon Plaintiff satisfying a burden of proof which is less than the beyond a reasonable doubt standard required in criminal cases.

(b)  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates Defendant's right to due process guaranteed by the United States Constitution and the Alabama Constitution.

(c)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which deprives Defendant of due process of law in violation of the United States Constitution and the Alabama Constitution.

(d) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive Defendant of due process of law in violation of the United States Constitution and the Alabama Constitution.

(e) An award of punitive damages in this case would constitute a deprivation of property without due process of law.

(f) The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar acts, which deprives Defendant of its right to equal protection and due process in violation of the United States Constitution and the Alabama Constitution.

(g) Plaintiff's claims for punitive damages against Defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against multiple awards of punitive damages for the same course of conduct, will violate Defendant's due process and equal protection rights under the United States Constitution and the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

(h) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution, Article I, § 15 and Article I, § 1 of the Alabama Constitution, and in violation of Defendant's due process rights.

(i) Plaintiff's claims for punitive damages against Defendant cannot be sustained because any award of punitive damages under Alabama law would violate Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of moral discretion without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

(j) Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive Defendant of due process of law.

(k) Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages cause Defendant to be treated differently from other similarly situated persons/entities by subjecting Defendant to liability beyond the actual loss, if any, caused by Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(l) Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages subject Defendant to punishment for the conduct of others through vicarious liability, *respondent superior*, or through nonapportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of Defendant's due process rights under the United States Constitution and the Alabama Constitution.

(m) Plaintiff's claims for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendant's conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

(n) The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

(o) The procedures pursuant to which punitive damages are awarded subject Defendant to punishment under a law not fully established before the alleged offense.

(p) Plaintiff's claims for punitive damages are barred to the extent that they seek the admission into evidence of Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be

awarded because punitive damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the United States Constitution and Article I, § § 1, 6, 13, and 22 of the Alabama Constitution.

(q)     Plaintiff's claims for punitive damages against Defendant cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Defendants' due process rights guaranteed by the United States Constitution and the Alabama Constitution.

(r)     Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, Plaintiff's claims for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are accorded criminal defendants, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, § § 1, 5, 6, 7, 9, 11, 13 and 22 of the Alabama Constitution.  These rights will be violated unless Defendants are afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by it for the determination

of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

(s)  Plaintiff's claims for punitive damages against Defendant cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

Respectfully Submitted,

_____
John C. Morrow (MOR054)
Geoffrey S. Bald (BAL032)
Dow A. Davidson (DAV160)

Attorneys for Defendants
MACK TRUCKS, INC.

**OF COUNSEL:**
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203-5206
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

1467689

12

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the _26_ day of May, 2006:

Christopher D. Glover
HOLLIS & WRIGHT, P.C.
1750 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

Brett A. Ross
Carr Allison
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216

_____
OF COUNSEL