# EXHIBIT TWO

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TERRY R. PARHAM,

    Plaintiff,

v.

UPS

    Defendant.

CIVIL ACTION NO. CV05-1522

## ANSWER/MOTION TO DISMISS

COMES NOW the Defendant, by and through its counsel, and responds to Plaintiff's Complaint as follows:

### First Defense

Plaintiff's complaint fails to states a cause of action upon which relief can be granted.

### Second Defense

Defendant denies the material allegations in plaintiff's complaint, and demands strict proof thereof.

### Third Defense

Defendant denies the plaintiff sustained permanent injury as alleged in the complaint as a result of an incident arising out of, and in the course of employment with the defendant.

### Fourth Defense

Defendant alleges that some or all of the plaintiff's medical bills have been paid, or are liable to be paid by some other health insurance provider.

EXHIBIT 2

### Fifth Defense

Defendant denies that it received the proper notice required by the Alabama Workmen's Compensation Act.

### Sixth Defense

Plaintiff's complaint is barred by the applicable statue of limitations, including, but not limited to her claim of an alleged injury.

### Seventh Defense

Defendant alleges that plaintiff has or may collect benefits from a third party tortfeasor, and the defendant will be entitled to a setoff of any recovery so made.

### Eighth Defense

Defendant asserts that venue is improper.

### Ninth Defense

Some or all of plaintiff's claims are barred by the exclusivity provisions of the Alabama Workers' Compensation Act.

### Tenth Defense

Defendant reserves the right to amend its responses to the Plaintiff's Complaint at any time during discovery and thereafter.

### Eleventh Defense

The claims contained in the Complaint, which seek the recovery of punitive damages, under present Alabama law, violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on the following grounds:

(a)   It is a violation of the Due Process and Equal Protection Clauses of

2

the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendant upon plaintiff's satisfying a burden of proof which is less that "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, thereby infringing upon the Due Process Clauses of the Fifth and Fourteenth Amendments of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth

3

Amendment of the United States Constitution.

### Eleventh Defense

The recovery of punitive damages by the Plaintiff in this action would violate the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant for the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Defendant

(c) The procedures pursuant to which punitive damages are awarded are constitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e) The award of punitive damages in this case would constitute a deprivation of property without due process.

### Twelfth Defense

The award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### Thirteenth Defense

The procedures pursuant to which punitive damages are awarded permit the

4

imposition of an excessive fine in violation of Article I, Section 16 of the Constitution of Alabama.

COMES NOW the Defendant, and responds to the specific allegations of Plaintiff's Complaint as follows:

In response to plaintiff's first unnumbered paragraph, Defendant denies that the Plaintiff is entitled to benefits under the Workers' Compensation Act of the State of Alabama or otherwise, and demands strict proof thereof.

1. Defendant, UPS, admits to doing business in Montgomery County, Alabama. However, to the extent paragraph one alleges that the Plaintiff is entitled to benefits under the Workers' Compensation Act or otherwise, Defendant denies any and all material allegations found in paragraph one, and demands strict proof thereof.

2. As these matters are still under investigation, Defendant denies any and all material allegations found in paragraph two, and demands strict proof thereof.

3. As these matters are still under investigation, Defendant denies any and all material allegations found in paragraph three, and demands strict proof thereof.

## COUNT ONE

### WORKERS' COMPENSATION

4. As these matters are still under investigation, Defendant denies any and all material allegations found in paragraph four, and demands strict proof thereof.

5. As these matters are still under investigation, Defendant denies any and all material allegations found in paragraph five, and demands strict proof thereof.

6. As these matters are still under investigation, Defendant denies any and all material allegations found in paragraph six, and demands strict proof thereof.

7. As these matters are still under investigation, Defendant denies any and all

material allegations found in paragraph seven, and demands strict proof thereof.

8. As these matters are still under investigation, Defendant denies any and all material allegations found in paragraph eight, and demands strict proof thereof.

WHEREFORE, Defendant, UPS, respectfully requests this Court to deny the Plaintiff's requests benefits under the Workers' Compensation Act of the State of Alabama or otherwise.

## COUNT TWO

### (Motion to Dismiss)

### BREACH OF DUTY

COMES NOW the Defendant, and responds to Count Two of Plaintiff's Complaint as follows:

9. Defendant reasserts all of its responses to Plaintiff's allegations found in paragraphs one through eight as if fully set out herein.

10. Defendant, to the extent paragraph ten alleges that the Defendant did not provide a reasonable safe work environment, denies any and all material allegations found in paragraph ten, and demands strict proof thereof.

11. Defendant denies any and all material allegations found in paragraph eleven, and demands strict proof thereof.

12. Defendant denies any and all material allegations found in paragraph twelve, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests this Court to dismiss the Plaintiff's claims and requests for compensatory damages so as to "make him whole," as well as punitive damage or any other relief requested. Defendant would further assert that an action for "failure to provide a reasonably safe work environment" does not exist under

the Workers' Compensation Act or under Alabama law, and is due to be dismissed. The Plaintiff's exclusive remedy as an employee of UPS is the Workers' Compensation Act, and as such, Count Two of this matter is due to be dismissed. Wherefore, Defendant respectfully requests this Court to dismiss Count Two of the Plaintiff's Complaint as it fails to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ 

DONALD B. KIRKPATRICK, II
SEAN C. PIERCE
Attorneys for Defendant

OF COUNSEL:
CARR, ALLISON, PUGH, HOWARD,
   OLIVER & SISSON, P.C.
100 Vestavia Parkway
Birmingham, Alabama 35216
(205) 822-2006
(205) 822-2057 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause by U.S. Mail on this the 14 day of July, 2005:

Tiernan W. Luck, III
P.O. Box 847
Montgomery, AL 36101-0847

/s/

OF COUNSEL

7