# EXHIBIT FOUR

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| TERRY PARHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED PARCEL SERVICE, et al., | ) |
| | ) |
| Defendant. | ) |

## ANSWER

COMES NOW Defendant Randy Allen, and in Answer to the Plaintiff's Complaint, as amended, states as follows:

### FIRST DEFENSE

The Defendant denies the material allegations in the complaint, as amended, and demands strict proof thereof.

### SECOND DEFENSE

The complaint fails to state a claim against the Defendant upon which relief can be granted.

### THIRD DEFENSE

The Defendant pleads the general issue.

### FOURTH DEFENSE

The Defendant pleads not guilty.

### FIFTH DEFENSE

The Plaintiff's claims are barred by the equitable doctrines of laches, waiver, and/or estoppel.

### SIXTH DEFENSE

The Defendant pleads the contributory negligence of the Plaintiff.

EXHIBIT 4

## SEVENTH DEFENSE

Any damages suffered by the Plaintiff were proximately caused by the tortious acts or omissions of a third party over whom the Defendant has no control.

## EIGHTH DEFENSE

The Defendant pleads the failure of the Plaintiff to mitigate his damages.

## NINTH DEFENSE

The Defendant pleads the applicable statute of limitations.

## TENTH DEFENSE

Some or all of the Plaintiff's claims are partially or completely barred because he voluntarily assumed a known risk.

## ELEVENTH DEFENSE

The Plaintiff's complaint, to the extent that it seeks exemplary or punitive damages, violates the Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## TWELFTH DEFENSE

The Plaintiff's complaint, to the extent that it seeks punitive or exemplarily damages, violates Defendant's rights to protection from "excessive fines" as provided in the Eight "Amendment of the United States Constitution and in Article I, § 15 of the Constitution of the State of Alabama. It violates Defendant's right to due process as provided in the Fifth and Fourteen Amendments of the United States Constitution and as provided in the Constitution of the State of Alabama, and, fails to state a cause of action supporting the imposition of punitive or exemplary damages.

## THIRTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendants under the Constitution of the United States of America.

## FOURTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate the constitutional safe guards provided to the Defendant under the due process clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related any legitimate government concerns or interest.

## FIFTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate Article I, § 6 Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interest.

## SIXTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate the procedural safe guards provided to Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendants is entitled to the same procedural safeguards afforded to criminal Defendants.

## SEVENTEENTH DEFENSE

It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose upon Defendant punitive damages which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## EIGHTEENTH DEFENSE

It is violative of the self incrimination clause of Article I, § 6 of the Constitution of the State of Alabama to impose punitive damages against Defendant, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## NINETEENTH DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant, which are penal in nature, by requiring a burden of proof by Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

## TWENTIETH DEFENSE

Any award of punitive damages to the Plaintiff in this case will violate the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

## TWENTY-FIRST DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate the equal protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## TWENTY-SECOND DEFENSE

The imposition of punitive damages in this case violates the due process clause of Amendment V and XIV to the United States Constitution and Article I, sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage award has the substantial chilling effect on the exercise of fundamental rights to order liberty and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under the state and federal constitution provisions by (1) failing to provide sufficiently objective and

specific standards by which a jury may to decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury may award punitive damages against multiple defendants for different alleged acts of wrong doing; (4) failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint-feasors; (5) by failing to provide sufficiently clear, objective and specific standard for appellant review of rewards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

### TWENTY-THIRD DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause amendments of V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, sections 1, 6 and 22 of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of a distinctive advantage over civil defendants of comparable culpability due to the disparity and punitive treatment for similar conduct and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated Defendants.

### TWENTY-FOURTH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code § 6-11-21 (1975), which shall not exceed three times the compensatory damages or $1,500,000, whichever is greater.

## TWENTY-FIFTH DEFENSE

The Defendant pleads improper venue.

_____
Brett A. Ross (ROS-024)

_____
Gregory A. Brockwell (BRO-209)

_____
Daryl P. Harris (HAR-279)

Attorneys for Defendant

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on the following by United States mail, postage prepaid and properly addressed on this the __17__ day of __November__, 2005:

Tiernan W. Luck, III
621 S. Hull Street
Montgomery, Alabama 36104

Donald B. Kirkpatrick, II
Carr Allison
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216

_____
Of Counsel

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| TERRY PARHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: CV-2005-1522 |
| v. | ) |
| | ) |
| UNITED PARCEL SERVICE, et al., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT RANDY ALLEN'S MOTION TO SEVER

COMES NOW the Defendant, Randy Allen, and pursuant to Rule 21 of the Alabama Rules of Civil Procedure, and moves this Court for an Order severing the Plaintiff's claims against him from those asserted against United Parcel Service. In support thereof, Defendant states as follows:

1. Count One of Plaintiff's complaint makes a claim for workers' compensation benefits which, according to Ala. Code § 25-5-81, shall be determined by a bench trial.

2. The remaining count of Plaintiff's complaint seeks damages for the alleged "conscious conduct" of Defendant Allen, presumably under a theory of willfulness or wantonness, which Plaintiff purports resulted in his injuries.

3. The proper procedure when a plaintiff has filed a complaint seeking both workers' compensation benefits and tort relief in the same action, is for the court to sever the jury claims from the non-jury claims. See Raines v. Browning Ferris Industries of Alabama, Inc., 638 So.2d 1334 (Ala. Civ. App. 1993); Watson v. Presbyterian Retirement Corp., 615 So.2d 624 (Ala. Civ. App. 1992).

4. This severance would promote judicial economy and would enable both cases to be tried expeditiously.

WHEREFORE, PREMISES CONSIDERED, Defendant Allen respectfully requests this Court sever the workers' compensation and the tort claim, creating two separate actions with different case numbers and allowing the workers' compensation action to be placed on the non-jury docket and the remaining tort claim to be placed on the jury docket.

Respectfully Submitted,

*Daryl P. Harris*

Brett A. Ross  (ROS-024)
Gregory A. Brockwell (BRO-209)
Daryl P. Harris (HAR-279)

Attorneys for Defendant Randy Allen

**OF COUNSEL:**

CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
(205) 822-2006
(205) 822-4058 (Direct Facsimile)

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon all counsel of record in this cause via U.S. Mail, postage pre-paid on this the 14th day of December, 2005:

Tiernan W. Luck, III
621 S. Hull Street
Montgomery, Alabama 36104

Donald B. Kirkpatrick, II
Carr Allison
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216

*Daryl Harris*
OF COUNSEL