# EXHIBIT FIVE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TERRY PARHAM, an individual; )
)
    Plaintiff, )
)
vs. ) CV: CN-06-1011
)
RANDY ALLEN, an individual, ) JURY TRIAL DEMANDED
MACK TRUCKS, INC., a corporation; **No. 1**, whether singular or plural, that entity or those entities, other than those entities described herein, whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 2**, whether singular or plural, that entity or those entities whose negligence, or wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of plaintiff's complaint; **No. 3**, whether singular or plural, that person or those persons who were employees or executive officers of plaintiff's employer who had been delegated responsibility by their employer to provide plaintiff with a safe place to work or a reasonably safe work environment; **No. 4**, whether singular or plural, that person or those persons who were employees or executive officers of plaintiff's employer who were guilty of willful conduct on or before the occasion made the basis of this suit and whose willful conduct was a proximate cause of plaintiff's injuries; **No. 5**, whether singular or plural, that entity or those entities who or which had conducted safety inspection or analysis with respect to the work being done by, operations of, and or facilities of the plaintiff's employer at any time before the occurrence made the basis of plaintiff's complaint; **No. 6**, whether singular or plural, that entity or those entities who or which was involved in planning which related in any way to the safety of the plaintiff or the execution of work being done at the time of the occurrence made the basis of this lawsuit; **No. 7**, whether singular or plural, that entity or those entities who or which entered into a contract with plaintiff's employer for work to be performed on the date of the occurrence made the basis of this suit; **No. 8**, whether singular or plural, any and all insurance carriers which made any visit to or loss control inspection of the work site where plaintiff was injured or any other place of business of plaintiff's employer prior to the occurrence made the basis of plaintiff's complaint; **No. 9**, whether singular or plural, that entity or those entities who or which designed the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 10**, whether singular or plural, that entity or those entities who or which manufactured or assembled the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 11**, whether singular or plural, that entity or those entities who or which had any role in the distributive chain regarding the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith, from the date of manufacture of each said product through the date of its acquisition; **No. 12**, whether singular or plural, individual or individuals, that entity or those entities who or which, prior to the occurrence made the basis of this lawsuit altered or repaired the grab bar involved in said occurrence, any component part

EXHIBIT 5

thereof, or any attendant equipment used or available for use therewith; **No. 13,** whether singular or plural, that entity or those entities who or which installed the grab bar on the vehicle; **No. 14,** whether singular or plural, that entity or those entities who added or removed a safety device on the vehicle that injured the plaintiff; **No. 15,** whether singular or plural that entities or those entities that added or removed a safety device on the grab bar that injured the plaintiff; **No. 16,** whether singular or plural, that entity or those entities who or which suggested or specified the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment be used as it was being used at the time of the occurrence; **No. 17,** whether singular or plural, that entity or those entities who or which failed to warn or issued inadequate warnings or instructions regarding the use or operation of the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 18,** whether singular or plural, that entity or those entities which provided product liability and/or general liability insurance coverage for the manufacturer and/or distributor of the grab bar involved in the occurrence made the basis of this lawsuit at the time of said occurrence or at any time prior thereto; **No. 19,** whether singular or plural, that entity who or which installed the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 20,** whether singular or plural, that person, or those persons that entity or those entities whose duty it was to maintain the grab bar involved in the occurrence made the basis of this lawsuit from the time it was manufactured or assembled until the time of plaintiff's injury made the basis of this suit; **No. 21,** whether singular or plural, that entity or those entities who or which was responsible for advertising the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof or any attendant equipment used or available for use therewith; **No. 22,** whether singular or plural, that entity or those entities who or which did any consulting work, i.e., advertising, engineering, etc., referable to the design, manufacture and/or assembly of the grab bar involved in the occurrence made the basis of this lawsuit; **No. 23,** whether singular or plural, that entity or those entities, who or which tested, inspected, approved or issued any approval of the grab bar involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 24,** whether singular or plural, that entity or those entities, other than those entities described above, which is the successors in interest of those entities described above; Plaintiff avers that the identities of the fictitious parties defendant herein are otherwise unknown to plaintiff at this time or, if their names are known to plaintiff their identities as proper parties defendant are not known to plaintiff at this time, and their true names will be substituted by amendment when ascertained.         )
       Defendants.         )
                                        )

## COMPLAINT

1. Plaintiff, Terry Parham is an adult resident of Montgomery, Montgomery County, Alabama.

2. Defendant, Randy Allen is believed to be an adult resident of Montgomery, Montgomery County, Alabama.

3. Defendant, Mack Trucks, Inc. is a corporation doing substantial business in the State of Alabama.

4. On or about April 14, 2004, Plaintiff, Terry Parham, was working for United Parcel Service and performing his usual duties when he attempted to hook up a trailer to the United Parcel Service tractor. He grabbed the grab bar located on the United Parcel Service truck and it came unattached causing the Plaintiff to fall.

5. On said date, Terry Parham was permanently injured due to the grab bar not being properly secured to the truck.

## COUNT I

6. Plaintiff reaffirms and realleges each and every preceding paragraph.

7. Plaintiff alleges that Defendant, Randy Allen and/or fictitious named parties, were guilty of willful conduct as set forth in Section 25-5-11(c)(2) by removal of a safeguard and/or device on the subject grab bar.

8. The Plaintiff further states that a safeguard or device was removed, not installed, or left unrepaired from the grab bar with knowledge that injury would probably or likely result from the lack of the safety guard or device.

9. As a proximate consequence of the afore described willful conduct, Plaintiff was caused to be injured when said grab bar came loose from the truck causing the Plaintiff to fall and be permanently injured as follows:

3

(a) Plaintiff sustained an injury to his head, neck injury which resulted in surgery, decreased vision and various other injuries on and about his body.

(b) Plaintiff was caused and will be caused in the future to suffer great physical pain, emotional distress and anguish.

(c) Plaintiff was caused and will be caused in the future to expend large sums of money in the nature of doctor, hospital, drug any other medical expenses in and about an effort to heal and cure his said injuries.

(d) Plaintiff was caused to be permanently unable to pursue many of his normal and usual activities.

Wherefore, Plaintiff, Terry Parham, demands of Defendants, separately and severely, compensatory and punitive damages in an amount to be determined by a jury after a full and fair hearing of the case, which amount shall exceed the jurisdictional requirements of this Court plus costs of Court.

## COUNT II

10. Plaintiff reaffirms and realleges each and every preceding paragraph.

11. On or about April 14, 2004, and for some time prior thereto, the Defendant, Mack Trucks, Inc. and fictitious parties defendants were engaged in the business of designing, manufacturing, selling and/or distributing grab bars and their component parts throughout the United States for use by certain members of the general public. Said defendant during said period of time and for valuable consideration designed, manufactured, sold and/or distributed the grab bar, which injured the plaintiff proximately causing his injuries as fully set out herein.

12. At the aforesaid time and place, said grab bar and its component parts were in substantially the same condition as when manufactured, sold and/or distributed, and was being used in the a manner that was foreseeable. The grab bar

and its component parts were not reasonably safe when being used in a foreseeable manner, but, to the contrary, were defective and unreasonably dangerous to the human body when being so used. Said defendant knew, or in the exercise of reasonable care should have known, that said grab bar and its component parts were unreasonably dangerous to the human body when being so used in a foreseeable manner.

13. The foregoing wrongful conduct of said defendant was the proximate cause of the plaintiff's injuries and renders said defendant liable to plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

WHEREFORE, plaintiff demands judgment against the defendants separately and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury which will fairly and adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and the cost of the proceeding.

## COUNT III

14. Plaintiff reaffirms and realleges each and every preceding paragraph.

15. The defendant, Mack Trucks, Inc. and fictitious parties defendants expressly and/or impliedly warranted that the grab bar and its component parts involved in the occurrence made the basis of the plaintiff's complaint was reasonably fit and suitable for the purpose for which it was intended to be used. Plaintiff avers that said defendant breached expressed and/or implied warranties and that said grab bar and its component parts were not reasonably fit and suitable for the purpose for which it was intended to be used, but, to the contrary, said grab bar and its

component parts at the time it was manufactured, distributed, sold and/or delivered, was in a dangerously defective and unsafe condition as aforementioned. Plaintiff further avers that as a proximate result of the aforesaid breach of warranty by said defendant, plaintiff was caused to suffer the injuries as fully set out herein.

16. On or about April 14, 2004, the defendant was guilty of negligent and/or wanton conduct and/or was in violation of the Alabama Extended Manufacturer's Liability Doctrine and said negligent, wanton or other wrongful conduct combined and concurred, to proximately cause plaintiff's injuries as fully set out herein.

WHEREFORE, plaintiff demands judgment against the defendants separately and severally, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury which will fairly and adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and the cost of the proceeding.

## COUNT IV

17. Plaintiff reaffirms and realleges each and every preceding paragraph.

18. The Defendants, Mack Trucks, Inc. and fictitious party defendants negligently and/or wantonly serviced, maintained, and/or repaired the grab bar and its component parts involved in the occurrence made the basis of plaintiff's complaint and such negligent and/or wanton conduct was the proximate cause of plaintiff's injuries as described above.

WHEREFORE, plaintiff demands judgment against the defendants separately and severally, including fictitious party defendants, in a sum in excess of

the jurisdictional limits of this Court, to be determined by a jury which will fairly and adequately compensate the plaintiff for the above described damages, together with interest from the date of the incident and the cost of the proceeding.

### JURY DEMAND

Plaintiff hereby requests a trial by struck jury on all issues of this cause.

_____
CHRISTOPHER D. GLOVER
Attorney for the Plaintiff
Bar Code No.: GLO007

**OF COUNSEL:**
HOLLIS & WRIGHT, P.C.
1750 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 324-3600
(205) 324-3636 Facsimile

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT:**

Randy Allen
c/o UPS
2401 Jackson Ferry Road
Montgomery, AL 36110

Mack Trucks, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 35109

7