IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY PARHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:06cv483-WHA |
| | ) | |
| RANDY ALLEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## UNIFORM SCHEDULING ORDER

**PLEASE READ THIS ORDER CAREFULLY. These deadlines and responsibilities may not be changed without leave of the court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted in only extraordinary unforeseeable circumstances. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/.**

Under Rule 16, Federal Rules of Civil Procedure, as amended, the Court is required to set a schedule for the discovery and the filing of motions. Accordingly, it is ORDERED by this Court as follows:

**SECTION 1.** A **pretrial hearing** of this case is scheduled for the **30th day of May, 2007**, in Montgomery, Alabama, and this cause is set for **trial during the term of court commencing on the 9th day of July, 2007**, in Montgomery, Alabama.

**SECTION 2.** Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **NINETY (90) DAYS** prior to the pretrial hearing. A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court.

**SECTION 3.** On or before **(21) DAYS** after the deadline for the filing of dispositive motions, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not

less than **FIVE (5) DAYS** after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation".  This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial.  Information about mediation is attached to this order.

**SECTION 4.**  Any motions to amend the pleadings and to add parties shall be filed **on or before September 30, 2006** by the Plaintiff and **October 31, 2006** by the Defendants.

**SECTION 5.**  Any motion for class certification shall be filed **on or before October 17, 2006**.  A brief discussing the factors and requirements enumerated in Rule 23(a), (b) and (g) of the Federal Rules of Civil Procedure shall be filed with any such motion.

**SECTION 6.**  The failure to file a response to any motion -- either dispositive or non-dispositive -- within the time allowed by the court shall indicate that there is no opposition to the motion.

**SECTION 7.**  All discovery shall be completed **on or before March 31, 2007,** except that, as to any witness whose name is not revealed until the last day allowed under SECTION 10, the opposing party shall have the time extended in this paragraph to allow for deposing such witness.

**SECTION 8.**  The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involve giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff(s) - **On or before December 31, 2006**

From the defendant(s) - **On or before February 28, 2007**

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

**SECTION 9.  GENERAL PROVISIONS:**
(A)  All briefs on any matter before the court must be formal in format and filed with the court.  The court does not accept "letter briefs" or "letter reports."

(B)  A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion.  A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met.  Absent stated unforeseen and

unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(C) Any proposed order that a party desires the court to enter should be submitted to the court in both (a) an Adobe Acrobat PDF format attachment to the motion and (b) by transmitting an electronic copy of the proposed pretrial order to the court as an attachment to an email message sent to <propord_albritton@almd.uscourts.gov>.  For these purposes, the electronic copy should be in WordPerfect or Word format and not in Adobe Acrobat PDF format

**SECTION 10.  On or before May 30, 2007**, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under Paragraph 8.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 11.  On or before May 30, 2007**, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition that a party expects to use at trial.  Adverse parties shall within **ONE WEEK THEREAFTER** identify any responsive parts of depositions expected to be used, and a party shall within **THREE DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition not so listed, with the exception of parts of depositions to be used solely for the purpose of impeachment.  Except to the extent written objections are served and filed **on or before June 13, 2007**, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

**SECTION 12.  On or before May 30, 2007**, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment.  <u>Except to the extent written  objections are served and filed **no later than June 13, 2007**, the evidence shall be deemed genuine and admissible in evidence.  The written objections shall set forth the grounds and legal authorities.  All trial exhibits must be premarked prior to trial.</u>

**SECTION 13.**  Except to the extent of any conflict with deadlines set out above, the Discovery Plan contained in the Report of Parties' Planning Meeting, filed on July 12, 2006, is adopted and incorporated herein.

**SECTION 14.**  *If a jury trial:*  The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, **ON OR BEFORE TWO WEEKS PRIOR TO THE TRIAL DATE UNLESS SAID TIME IS SHORTENED BY THE COURT ON MOTION OF EITHER PARTY.**  Trial counsel are **DIRECTED** to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions. The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

**SECTION 15.**  In cases involving jury trials, the term **TRIAL DATE** as used in the foregoing deadlines shall mean the date set for jury selection.

**SECTION 16**.  If any party has an objection to these deadlines, the party should inform the Court within **14** days from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties.  Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties.

DONE this 18th day of July, 2006.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA

## PROGRAM OF VOLUNTARY MEDIATION

This court has established a program of voluntary mediation to assist litigants in resolving their disputes prior to trial.  The court stresses that <u>mediation is completely voluntary and confidential</u>.  The court strictly enforces the confidentiality of mediation.

The court encourages litigants to consider the salutary benefits of resolving at an early stage their dispute through voluntary mediation.  Mediation is a process of confidential negotiation through which parties may often achieve results which could not be gained through submission of their case to a jury.  Successful mediation saves the substantial time and expense involved with a trial.  Successful mediation allows parties to alleviate the risk of trial and, at the same time, permits the parties to play an active role in the final decision about their case.  The mediation process generally involves a joint meeting with all parties and counsel to discuss the case and each side's position.  After this meeting the mediator will meet with each side individually for a full discussion of that side's case.  Throughout the process the goal of the mediator is to assist the parties in negotiating a settlement.  Often the mediator will provide to the parties a frank, honest opinion about the strengths and weaknesses of their case.  Often an objective viewpoint assists parties in making good decisions about settlement.

The scheduling order entered in this case requires that not less than 21 days after the date for filing dispositive motions, counsel for the parties shall personally meet and attempt to reach settlement of the case.  If counsel in good faith cannot reach settlement, counsel are also required to consider whether mediation will assist the parties in resolving this case.  Within five days after this conference counsel are to notify the trial judge in writing whether they have settled the case and, if not, whether they believe mediation will assist the parties in resolving the case.  Upon such notification, the trial judge may assign a mediator to schedule a mediation conference.  However, a judge of this court may assign a mediator at any time.

Except in extraordinary circumstances the mediator will be a judicial officer.  Under the existing internal operating understandings of this court, a nonjudicial mediator will not be assigned to a case without the knowledge and concurrence of the parties.

The court also encourages parties to consider settlement negotiations and mediation well before the time when a settlement conference is required.  <u>At any time while a case is pending</u>, the parties may seek assistance in settling their dispute through mediation.

**NOTICE !    NOTICE !    NOTICE !    NOTICE !**

There are advantages to consenting to a trial before a magistrate judge. The principal advantage is that the magistrate judge does not have a docket such as do the district judges and is very flexible on giving you a time to try your case. The court assures you that all four of our magistrate judges are extremely competent and knowledgeable of the law and the procedures necessary to try any civil case. As you know, the dockets of the district judges are very congested. As the magistrate judge will be conducting the discovery proceedings in the case, he or she will be more familiar with the case than will the district judge. Remember, however, that if you elect to mediate before the magistrate judge to whom the case is assigned, that magistrate judge may not then try your case but the case may be assigned to another magistrate judge if you elect for a magistrate judge to try your case. If you do elect to proceed to trial before a magistrate judge, you should notify the district judge to whom your case is assigned so that he, as a matter of courtesy, may telephone the magistrate judge and inform him or her that you desire to try your case before him or her. The parties are encouraged to consider this as an alternative in order to speed up the judicial process. The form and notice of availability of a magistrate judge are attached.

The parties are advised that they are free to withhold their consent without adverse consequences.

UNITED STATES DISTRICT COURT
_____ District of _____

|  |  |
|---|---|
| Plaintiff<br>v.<br><br>Defendant | NOTICE, CONSENT, AND ORDER OF REFERENCE --<br>EXERCISE OF JURISDICTION BY A UNITED STATES<br>MAGISTRATE JUDGE<br><br>Case Number: |

# NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

   In accordance with the provisions of Title 28, U.S.C. 636(c), and Fed.R.Civ.P. 73, you are hereby notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

   You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

   An appeal from a judgment entered by a magistrate judge may be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

### CONSENT TO EXERCISE OF JURISDICTION BY A MAGISTRATE JUDGE

   In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### ORDER OF REFERENCE

   IT IS HEREBY ORDERED that this case be referred to the Honorable _____,
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. 636(c) and Fed.R.Civ.P. 73.

_____     _____
     Date                                                                      United States District Judge

**NOTE:** RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.
   **\*\*\*DO NOT FILE THIS DOCUMENT ELECTRONICALLY\*\*\***