IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY R. PARHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:06-cv-483-WHA |
| | ) |
| MACK TRUCKS, | ) |
| INC.; et al., | ) |
| | ) |
| Defendant. | ) |

## PETITION TO INTERVENE, AND COMPLAINT IN INTERVENTION

COME NOW the Petitioners, UPS and Liberty Mutual Insurance Company, by and through the undersigned counsel of record, and respectfully move this Court to allow them to intervene in the above-referenced matter pursuant to Federal Rule of Civil Procedure 24. In support thereof, Petitioners state as follows:

1. Petitioners are Plaintiff's employer and its workers' compensation insurer, respectively. Plaintiff has filed a claim for workers' compensation benefits arising out of the same accident made the basis of this lawsuit. Plaintiff's workers' compensation lawsuit is still pending in the Circuit Court of Montgomery County, CV-2005-1522, and Petitioners have paid and continue to pay compensation and medical benefits under the Alabama Workers' Compensation Act to or on behalf of Plaintiff.

2. Petitioners are entitled to reimbursement for any and all benefits they have or will pay in Plaintiff's workers' compensation claim, pursuant to Ala. Code 1975, §25-5-11. Petitioners have a subrogation claim for the benefits paid in this and any other third party claim. Petitioners are only seeking limited, passive intervention in this action, to preserve and protect their subrogation claim, and do not intend to actively participate in the litigation of this case unless requested or compelled to do so.

3. Rule 24 of the Federal Rules of Civil Procedure governs intervention. Rule 24(a) provides that a party *shall* be allowed to intervene in two instances: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. FED. R. CIV. P. 24(a).

4. The Alabama Supreme Court has held that Ala. Code 1975, §25-5-11 grants an employer and its workers' compensation insurance carrier an *unconditional* right to intervene when an injured worker sues a third party to recover damages for a work-related accident. See Millers Mut. Ins. Ass'n v. Young, 601 So.2d 962 (Ala. 1992). See also Liberty Mutual Ins. Co. v. Manasco, 123 So.2d 527 (1960). There is

no requirement that the injured worker be fully compensated or made whole before the statutory lien conferred by § 25-5-11 of the Code of Alabama is implicated. See River Gas Corp. v. Sutton, 701 So.2d 35 (Ala.Civ.App. 1997). An employer or workers' compensation insurer is entitled to subrogation and reimbursement for workers' compensation benefits already paid and a credit for future workers' compensation benefits owed. See Ex parte BE&K Constr. Co., 728 So.2d 621 (Ala. 1998).

    5.    The United States Court of Appeals for the Fifth Circuit has held that, where a state statute confers an unconditional right to intervene to protect a lien for workers' compensation benefits, intervention must be allowed, as intervention of right under Rule 24(a). McDonald v. E.J. Lavino Co., 430 F.2d 1065, 1071 (5th Cir. 1970). Decisions of the Fifth Circuit prior to October 1, 1981, are binding precedent in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981).

    6.    Even if this Court finds that Ala. Code 1975, §25-5-11 does not confer on the Petitioners an unconditional right to intervene, it is clear that Petitioners' interest relating to the Plaintiff's recovery in this matter requires that they be permitted to intervene in this matter. Petitioners' interests are not adequately represented by any of the present parties in this matter. Petitioners cannot adequately protect their lien and subrogation rights pursuant to 25-5-11, unless permitted to join this litigation as interveners on behalf of the plaintiff.

7.   Federal Rule of Civil Procedure, Rule 24(b) provides that a party *may* be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question or law or fact in common. FED. R. CIV. P. 24(b).

8.   Even if this Court finds that Petitioners are not entitled to intervene in Plaintiff's third party lawsuit as a matter of right, they should be granted permission to intervene under Rule 24(b) of the Alabama and Federal Rules of Civil Procedure to protect their interests. Petitioners have paid, and will continue to pay benefits to or on behalf of Plaintiff, relating to the same accident made the basis of this lawsuit. As such, Petitioners' claims and defenses have common questions of law and fact with the main action herein.

9.   Allowing Petitioners' intervention will not unduly delay or prejudice the adjudication of the rights of the original parties to this action.

WHEREFORE, PREMISES CONSIDERED, the Petitioners respectfully move to be allowed to intervene in this matter pursuant to Ala. Code 1975, §25-5-11, to protect their subrogation claim, and pray that this Court, pursuant to Ala. Code 1975, §25-5-11, set aside from any recovery by settlement, judgment or otherwise by the Plaintiff against the Defendant, the amount of said subrogation claim, and further request reimbursement for the amount of compensation and medical benefits paid to the

plaintiff, in accordance with §25-5-11. Petitioners further request that this Court or the parties make a reasonable apportionment as to the amount of any settlement and/or judgment or recovery which represents future medical costs, in accordance with the holding of <u>Ex parte BE&K Constr. Co.</u>, 728 So.2d 621 (Ala. 1998).

            Respectfully Submitted,

            <u>s/T.J. Segrest</u>
            DONALD B. KIRKPATRICK, II
            T.J. SEGREST
            Attorneys for Petitioners, UPS
            and Liberty Mutual Insurance Company

**OF COUNSEL:**
CARR ALLISON
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
tjs@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of November, 2006, I electronically filed the foregoing Petition to Intervene, And Complaint in Intervention with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and via U.S. Mail.

Christopher D. Glover, Esq.
Hollis & Wright, P.C.
1750 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

Brett A. Ross, Esq.
Gregory A. Brockwell, Esq.
Carr Allison
100 Vestavia Parkway
Birmingham, Alabama 35216

John Morrow
Geoffrey Bald
Dow Davidson
Burr & Forman, LLP
420 20th Street North, Suite 3100
Birmingham, Alabama 35203-5206

s/T. J. Segrest
OF COUNSEL