IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TERRY PARHAM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:06-CV-483-WHA |
| **RANDY ALLEN, an individual, MACK** ) | |
| **TRUCKS, INC., a corporation, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**JOINT MOTION TO CONTINUE TRIAL SETTING
AND REQUEST FOR SCHEDULING CONFERENCE**

Defendant Mack Truck, Inc. ("Mack") and Plaintiff Terry Parham ("Parham") (collectively referred to as the "Parties")[1] respectfully move this Court to continue the July 17, 2007, trial setting of this case and to enter a new Scheduling Order.  In support of this motion, the Parties state as follows:

1. This case is set for trial on July 17, 2007.  This is the first trial setting of the case.

---

[1] On November 28, 2006, UPS and Liberty Mutual Insurance Company filed a petition to intervene, seeking to join the present action in a passive posture.  The Court granted the intervening parties' petition on December 15, 2006.  Because the intervening parties have intervened solely to protect their subrogation claim, under Ala. Code § 25-5-11 (1975), we did not ask them to participate in this motion.

1546287

2. The Plaintiff, Mr. Parham, is suffering from a medical condition that has prevented him from being able to participate in any meaningful way in this matter, including discovery. Plaintiff's medical condition has yet to fully resolve. This condition required neurological surgery in December of 2006 and complications from that surgery has required continued ongoing care and treatment. It is Plaintiff's position that the Plaintiff's medical condition is the result of the acts or omissions alleged in Plaintiff's Complaint. The Parties respectfully request that this case be continued to allow Plaintiff's condition to resolve, as his condition will be a central issue at trial.

3. The matters at issue in this Complaint center on Plaintiff's allegation that a grab bar on the on the tractor trailer he was operating broke, causing him to fall and sustain an injury to his head. Plaintiff has alleged product liability claims against Mack regarding the design and manufacture of the grab bar on the tractor. In light of Plaintiff's medical condition, Mack has been unable to take Plaintiff's deposition. Plaintiff's account and testimony regarding how the incident occurred is crucial for Mack to be able to develop a full and complete defense in this matter. For instance, Plaintiff's testimony about his prior experience with grab bar, what he was doing when the grab bar broke, and his account for how and where the grab bar broke, are all important issues in this case.

1546287

4.	The March 31, 2007, discovery deadline is rapidly approaching, and the Parties have not been able to complete the discovery process because Parham has been too ill to participate. There is little hope that Parham's condition will improve enough in the next month to allow for a timely conclusion of discovery.

5.	Plaintiff presently has a worker's compensation claim pending against his previous employer, United Parcel Service, which remains pending in the Circuit Court for Montgomery County, Alabama. Plaintiff's ongoing illness and medical treatment have prevented that worker's compensation lawsuit from proceeding to trial. UPS and Liberty Mutual Insurance Company, the worker's compensation insurance carrier, have intervened in this case to assert a subrogation claim pursuant to § 25-5-11 of the Alabama Code. UPS and Liberty Mutual assert a lien for benefits in the form of compensation and medical benefits, that they have paid and continue to pay to Mr. Parham. Because of Plaintiff's medical condition, and because the worker's compensation case has not yet been tried, the amount of the claimed worker's compensation lien in this case remains uncertain. The parties respectfully represent that, in light of the lien asserted in the Complaint in Intervention, that this case should be continued to allow the amount of the worker's compensation lien to be resolved.

6.	Additionally, the Parties have discussed the possibility of settlement, and are presently exploring mediation. However, the uncertainty of both Plaintiff's

medical condition and the amount of the worker's compensation lien have hampered the ability to have meaningful settlement discussions.

      7.     The Parties respectfully represent that they have cooperated in an effort to move forward with this case but that the Plaintiff's medical condition has prevented the Parties from moving forward with full and complete discovery. According to the Court's Scheduling Order, the present deadline for discovery is March 31, 2007.

      8.     As this is the first trial setting in the case, neither Party would be unduly prejudiced by a continuance of the case until the extent of Parham's condition is fully known; and he is able to participate in discovery and trial, and to allow for the amount of the worker's compensation lien to be resolved.

      WHEREFORE, the Parties respectfully request that the Court continue the present trial setting of this case on July 17, 2007. The Parties also jointly request that the Court hold a Scheduling Conference to discuss the Plaintiff's medical condition and enter a new Scheduling Order setting new deadlines in this matter.

Respectfully submitted,

/s/ Geoffrey S. Bald
John C. Morrow (MOR054)
Geoffrey S. Bald (BAL032)
Dow A. Davidson (DAV160)

Attorneys for Defendants
Mack Trucks, Inc.


/s/ Steve W. Couch
Steve W. Couch
Hollis & Wright, P.C.
1750 Financial Center
505 North 20th Street
Birmingham, Alabama  35203
Attorney for Plaintiff
Terry Parham

1546287                                    5